No. 77.—FRANCIS KELLY, plaintiff in error, vs. THE STATE OF GEORGIA, defendant in error.

[1.] The fact that the Judge reprimanded a Jury taken from the same list, for their misconduct in acquitting the same defendant in another case, is no ground of erorr, in a subsequent trial, there being no exception to the pannel on that account.

[2.] In selecting a Jury from the two panels, the defendant is entitled to seven, and the State five strikes; and they should alternate, the defendant beginning and ending the strikes.

[3.] It is the privilege of Counsel and the duty of Courts, to propound such questions to reluctant witnesses, as will strip them of the subterfuges to which they resort to evade telling the truth.

Misdemeanor, in Bibb Superior Court.   Tried before Judge POWERS, June Term, 1855.

This indictment was for keeping an open tippling house on the Sabbath day.

One of the witnesses stated, that he could not say there was spiritous liquor in the decanters, &c. in the shop, as he had never tasted any in that house.   The Judge asked him if he could not say there were spirituous liquors in the Lanier House bar.   This question was objected to as irrelevant, and made a ground for a new trial.

Another ground for a new trial was, that the Judge had lectured a portion of the Jury for a verdict of acquittal, rendered on another indictment, against the same defendant. No objection was made to these Jurors.

Another ground was, that only one witness proved the offence, and he was successfully impeached, and not sustained.

The Court refused a new trial, and defendant excepted.

LAMAR & LOCHRANE, for plaintiff in error.

Sol. Genl. DEGRAFFENREID, for defendant.

VOL. XIX–54

*By the Court.*—LUMPKIN, J. delivering the opinion.

We see no error in this record.   Whether the house where· the liquor is charged to have been sold, was a tippling house, and whether the defendant kept it open on the Sabbath, are questions of fact, which were submitted to the Jury and passed upon by them.   And we think there was sufficient evidence upon both points to sustain the verdict.

[1.] What Judge POWERS may have said to the Jury in another case, we do not think is properly the subject of review in this.   No exception was taken to the panel on that account.

[2.] As to the mode of striking the Jury, the usual and better practice is, to let the defendant and the State alternate, the defendant beginning and ending.   This will give the defendant seven strikes, and the State five, the number allowed by law to each.

[3.] The witness, Adderhold, was evidently disposed to stick in the back, to say the least of it.   The Court saw this.   And to extract the truth, inquired of him, if he had ever been in the bar of the Lanier House, and whether he did not know that there was liquor there in the bottles, although he did not drink of it?   Thus pressed, he defended his position, by explaining what he meant to say.   It is the privilege of Counsel, and the duty of Courts, to strip reluctant witnesses of these miserable subterfuges to conceal the truth.