## VARNADOE *vs.* STATE.

MURDER, FROM FULTON. Criminal Law. Dying Declarations. Evidence. Charge·
of Court. Practice in Superior Court. Witness. (Before Judge Hammond.)

Hall, J.—1. Under the circumstances in proof in this case, there
was no error in characterizing the statements made by the deceased,
after he had received the fatal wound, as dying declarations. The
foundation was laid in the manner pointed out by the statute, and the
charge on the subject was substantially in the words of the Code, § 3781.

(a) A prima facie case is all that is necessary to carry dying de-
clarations to the jury. It is an issue of fact whether or not they were
made in immediate prospect of death. This is to be passed upon by
the jury; and where the evidence is contradictory as to whether or not
such declarations were made with the consciousness that the declarant
was in articulo mortis, this court will not interfere with the verdict of
the jury and the refusal to grant a new trial; especially where it is sat-
isfied that the verdict was warranted by the proof. 11 Ga., 353, 354,
376, 377; 71 Id., 128, 141, et seq.

2. Where a request to charge on the subject of the circumstances
which would be sufficient to excite the fears of a reasonable man, and
to justify a killing, was more fully and accurately set out in the general
charge than in the request, the refusal of such request furnishes no
ground for a new trial. Code, § 4321 cit., Hopkins Penal Laws, §§1926·
et seq.

3. It is not only the privilege, but the duty, of the court, to pro-
pound such questions to reluctant witnesses as will strip them of the
subterfuges to which they resort to evade telling the truth.' 19 Ga.,
425, 426, 102, 118, 119; 31 Id , 261, 262; 27 Id., 288, 297.

4. The verdict was sustained by the evidence, and the charge was·
full, clear and impartial.

5. Where there is no evidence tending to make a case of invol-
tary manslaughter, a failure to charge on that subject will not cause a.
new trial.

Judgment affirmed.

S. B. Spencer; W. A. Way, for plaintiff in error.

Clifford Anderson, attorney general, by J. H. Lumpkin; C. D. Hill,.
solicitor general, for the State.

---

## LATE PUBLICATION.

The Principles of the Law relating to the Discharge of Contracts.
By Robert Ralston, of the Philadelphia Bar.

This work is intended to be read in connection with the trea·
tise on the Law of Contracts, by John William Smith, and points out;
the ways in which a contract may be discharged. It is divided into six
chapters: Discharge of Contract by Agreement. Provisions for Dis-
charge. Performance. Impossibility. By Breach. By Operation of
law. It is a small book, containing 68 pages, written in a compact,.
terse style, and published by T. & J. W. Johnson & Co., Philadelphia..