Hall, J.
1. Under the circumstances in proof in this case, there was no error in characterizing the statements made by the deceased, after he had received the fatal wound, as dying declarations. The foundation was laid in the manner pointed out by the statute, and the charge on the subject was substantially in the words of the Code, §8781.
(a) A prima facie case is all that is necessary to carry dying declarations to the jury. It is an issue of fact whether or not they were made in immediate prospect of death. This is to be passed upon by the jury; and where the evidence is contradictory as to whether or not such declarations were made with the consciousness that the declarant was in articulo mortis,-this court will not interfere with the verdict of the jury and the refusal to grant a new trial; especially where it is satisfied that the verdict was warranted by the proof. 11 Ga., 353, 354, 376, 377; 71 Id., 128, 141, et seq.
2. Where a request to charge on the subject of the circumstances which would be sufficient to excite the fears of a reasonable man, and to justify a killing, was more fully and accurately set out in the general charge than in the request, the refusal of such request furnishes no ground for a new trial. Code, § 4321 cit., Hopkins Penal Laws, §§1926-et seq.
3. It is not only the privilege, but the duty, of the court, to propound such questions to reluctant witnesses as will strip them of the subterfuges to which they resort to evade telling the truth.' 19 Ga., 425, 426, 102, 118, 119; 31 Id , 261, 262; 27 Id., 288, 297.
4. The verdict was sustained by the evidence, and the charge was-full, clear and impartial.
5. Where there is no evidence tending to make a case of involtary manslaughter, a failure to charge on that subject will not cause a. new trial.
Judgment affirmed.