Conyers *vs.* Field.

---

CONYERS *vs.* FIELD.

A witness may be interrogated as to the state of his feelings towards one of the parties, but it is not competent to inquire into the cause thereof.

Witness. Evidence. Before Judge HALL. Bartow Superior Court. November Adjourned Term, 1877.

Reported in the decision.

STANSELL & WOFFORD; A. T. AKERMAN, for plaintiff in error, cited Code, §3876 ; 9 *Ga.,* 121.

A. JOHNSON, for defendant, cited (that discretion of court below would not be controlled) Code, §3714; 1 *Kelly*, 574; 14 *Ga.*, 145; 11 *Ib*, 331; 57 *Ib*, 609; Code, §§3717, 3715; 52 *Ga.*, 480; 57 *Ib.*, 329.

WARNER, Chief Justice.

This was an action of trover brought by the plaintiff against the defendant, to recover the possession of a piano and other personal property. On the the trial of the case, the jury, under the charge of the court, found a verdict for the defendant. A motion was made for a new trial, on the grounds therein stated, which was overruled, and the plaintiff excepted. The evidence as to the ownership of the property was conflicting.

It appears from the record and bill of exceptions that the defendant introduced John H. Hyer as a witness, who testified to an admission by the plaintiff that he had given the property in dispute to the defendant, or her children.

On the cross-examination, he said that he had, or had had, unkind feelings to the plaintiff. Defendant asked him the cause of those feelings. To this inquiry plaintiff objected. The court overruled the objection, and permitted the witness to testify, notwithstanding the objection, as follows:

"I had a disagreement with the plaintiff in the year 1870 . . . because, for one thing, he monopolized my daughter's company, and I did not like it. He did not suit me for a son-in-law. He attacked me about it, and I told him I could not think of his marrying my daughter, and that he was not the kind of man I wanted my daughter to marry.

"Did buy some mules from plaintiff, and gave him my note for part of the purchase money. Did not threaten to homestead against the note unless he would take cotton at two cents above the market price, but I did think and speak hardly of plaintiff, because the note I had given for the mules had been altered without my knowledge or consent,

so as to attempt to retain or make a lien on the mules by putting something in the note that was not there when it was made."

To all of which testimony plaintiff objected, the admission of which was one of the main grounds of error insisted on in the motion for a new trial, which was overruled, and the question is, was that evidence admissible? According to the ruling of this court in *Bishop vs. The State*, 9 *Ga.*, 121, the admission of that evidence was error. How far that evidence may have prejudiced the minds of the jury against the plaintiff in this closely contested case, it is impossible for us to know. The safe course is to adhere to the rule as we find it, and exclude the evidence.

Let the judgment of the court below be reversed.