McALLISTER & SIMMONS *et al. v.* MILLHISER & Co.

1. Where a partnership is sued upon an open account, it may plead as a set-off that it has been damaged in a given amount because of the plaintiff's wrongful refusal to return to it certain promissory notes belonging to it which had been pledged as collateral security for the payment of another debt due to the plaintiff, which debt had, before the bringing of the plaintiff's action, been fully paid off and discharged and a return of the collaterals duly demanded.
2. Where one of the members of a partnership composed of two persons has bought out the interest of his partner in all the assets of the firm and assumed all its liabilities, it is competent for him to plead, as a set-off to an action subsequently brought, not only against the partnership, but also in express terms against the individual members thereof, that by reason of his ownership of said assets he holds against the plaintiff a personal claim, or demand, which still remains unsatisfied.
3. The court erred in striking the special pleas of the defendants.
   July 29, 1895.

Complaint on account. Before Judge WELLBORN. Habersham superior court. September term, 1894.

J. W. Owens and J. B. Jones, for plaintiffs in error.
George P. Erwin, *contra*.

Lumpkin, Justice.

An action upon an open account was brought by
Millhiser & Co. against McAllister & Simmons as a part-
nership, and also expressly against A. H. McAllister and
J. B. Simmons, who appear to have been the members
composing that firm, in their individual capacity.   Cer-
tain pleas of the defendants were stricken by the
court, which is the error complained of in the bill of
exceptions.

1. One of these pleas alleged, in substance, that the
partnership had delivered to the plaintiffs certain prom-
issory notes belonging to the partnership, as collateral
security for the payment of another debt due to the
plaintiffs, which debt, before the bringing of the present
action, had been fully paid off and discharged; that a
return of these collaterals had been duly demanded; that
the plaintiffs had wrongfully refused to return the same;
and that the defendants, as a partnership, had been
thereby damaged in an amount stated.   This plea set
forth the facts in great detail, but the foregoing is, in
condensed form, what it amounted to.  We are at a loss
to perceive why this was not a good defense to the
plaintiffs' action.   This action sounded in contract; the
demand set up by the plea was based upon the breach
of an implied contract to return the defendants' collat-
erals upon the payment of the debt they had been
pledged to secure; and these demands were mutually
existing between the parties at the time the plaintiffs'
action was brought.   It is true the defendants might
have treated the unwarranted detention of their collat-
erals as a conversion of the same, and have maintained
an action of trover for their recovery, in which they
might have had a verdict either for the collaterals
themselves, or for their value.  But the defendants were

not obliged to pursue this course, and had, beyond question, the right to bring an action for the breach of the implied promise to return; and if they could bring an action of the latter kind, they surely could obtain the same results by filing a set-off to an action brought against themselves by the plaintiffs, a plea of set-off being really in the nature of a cross-action.

2. One of the defendants, Simmons, filed a plea in his own behalf, not entirely consistent with the foregoing plea of the partnership. He alleged, in effect, that having bought out the entire interest of his partner in all the assets of the firm, and having assumed all its liabilities, he alone would be injuriously affected by a judgment rendered in the plaintiffs' favor; and further, that the collaterals already referred to belonged to him, and that he was entitled, as against the plaintiffs, to the damages occasioned by their failure to return the same.

In testing the merits of this plea, it is all important to notice the precise character of the plaintiffs' action. As has been seen, it was brought, not only against the partnership, but in terms against each of its members as an individual. The plaintiffs might have contented themselves by bringing an action against the partnership alone, and a judgment rendered therein would have bound, not only the property of the partnership, but also the individual property of each of the members who was served with the process. The plaintiffs did not, however, choose to sue the partnership alone. It may be that they were unwilling to risk their case upon their ability to prove that the partnership was its debtor, and preferred also to take the chances of showing that the members of the firm were indebted to them as individuals. Be this as it may, the plaintiffs certainly sued Simmons as an individual; and this being so, we see no reason why he could not lawfully set off against them a demand alleged to be due him individually by them,

which was in existence at the time their action was commenced. Whatever may have been the proper disposition of the plea now under review if the plaintiffs' action had been brought against the partnership only, we are satisfied that in view of the declaration as actually brought, this plea was appropriate.

3. Both the special pleas above referred to were good, and ought not to have been stricken by the court.

*Judgment reversed.*