## HENSON *v.* DERRICK.

If, in preparing a bill of exceptions whereby it is sought to have this court review a judgment denying an injunction, no regard whatever is paid to the law prescribing how, in such cases, the evidence shall be brought up, and there is no question in the case which can be properly considered without reference to the evidence, the writ of error will be dismissed.

Argued June 27, — Decided July 27, 1898.

Motion to dismiss writ of error.

*Crane & McMillan,* for plaintiff.     *W. S. Paris,* for defendant.

LUMPKIN, P. J.   The present bill of exceptions complains of alleged error in denying an injunction.   The evidence which was before the judge at the hearing was brought up to this court by attaching to the bill of exceptions as exhibits the papers introduced before him, including a number of deeds.   So it appears, not only that there was no attempt to make a brief of evidence, but that counsel for the plaintiff in error attempted to get the evidence before this court by sending up original papers.   These contain much matter that is irrelevant, redundant, and unnecessary to an understanding of the errors complained of; so that even if the originals had been copied, there would have been a total failure to comply with the law prescribing the manner in which, in cases of this kind, evidence must be brought to this court.   This being so, and the bill of exceptions presenting no question which can properly be passed

upon without taking into consideration the evidence upon which the trial judge acted, the writ of error must be dismissed. See *Moss* v. *Birch*, 102 *Ga.* 556. It is proper to add that we can not sanction the practice of bringing to this court original papers introduced in evidence below. In this very case it became necessary to pass an order granting counsel for the defendant in error leave to detach from the bill of exceptions a deed belonging to a person not interested in this litigation, and to whom the defendant in error was required to give a bond for its safe return before he could obtain possession of it for use as evidence at the hearing below.

*Writ of error dismissed. All the Justices concurring.*