## BUCHANAN *v.* McCLAIN.

1. In order that exceptions tendered pendente lite may be made the basis of an assignment of error after final judgment, it is necessary that they shall be certified to be true by the presiding judge, and in the absence of any certificate the grounds of error therein alleged can not be considered ; nor can the same grounds of error be considered where a direct assignment thereon is made in the bill of exceptions, when it appears that such bill of exceptions was signed and certified more than four months after the decision complained of was made.
2. There was no error in overruling the motion for a continuance.
3. Where one takes the property of another without the consent of the owner and sells the same, a right of action inures to the owner to recover the value of such property on an implied promise to pay for the same, even if such taking be a larceny; and the action when so brought is one arising ex contractu and not ex delicto.

Argued March 15, — Decided April 7, 1900.

Appeal. Before Judge Fite. Catoosa superior court. February term, 1899.

*W. E. Mann* and *Payne & Payne,* for plaintiff in error.
*R. J. & J. McCamy,* contra.

LITTLE, J. McClain sued Buchanan in a justice's court. The bill of particulars attached was as follows : "1898, September

and October.  To 121 bushels wheat taken by Buchanan and converted to his own use, the property of C. W. McClain, $66-.08." The justice rendered a judgment for the defendant, from which McClain appealed to the superior court. The bill of exceptions recites that on the call of the case the defendant, by his counsel, moved to dismiss the appeal, because it was entered by an attorney in fact for the plaintiff, who had no written authority, and that no such authority was filed; and also because the appeal bond was signed by a third person for the appellant.  The motion was overruled; and the bill of exceptions recites that the defendant filed exceptions pendente lite, and the case proceeded to trial.  A verdict was rendered against the defendant for the amount claimed.  A motion for a new trial was made and overruled, and the defendant excepted, alleging that the court erred, first, in overruling his motion to dismiss the appeal; second, in overruling the motion for new trial.

1. The question as to whether the court erred in dismissing the appeal is not presented in such a legal shape as authorizes this court to consider it.  The exceptions pendente lite purport to have been taken on the 9th day of February, 1899, the time of the trial; and while the paper found in the record makes proper and specific assignments of error to the ruling of the court refusing to dismiss the appeal, it is not certified by the judge.  Section 5541 of the Civil Code provides that where exceptions are tendered before the final judgment for the purpose of being made a part of the record, they shall be certified to be true by the judge and ordered to be placed on the record. The exceptions tendered in this case are not certified at all, nor is there any order requiring them to be put on the record.  The instrument making the exceptions is signed by the attorney for the defendant, and immediately following his signature is that of the judge of the superior court.  This is not sufficient.  While the paper bears the signature of the judge, it might have been made for identification, or some other reason; but at all events, in the absence of a certificate as to the truth of such exceptions, they can not be considered by this court.  If it be replied that such rulings may yet be considered because of the fact that error is directly assigned in the bill of exceptions, the answer is that,

in the absence of exceptions pendente lite, the direct assignment in the bill of exceptions comes too late. The decision overruling the motion to dismiss the appeal was made on the 9th of February, 1899; the bill of exceptions was signed and certified on the 26th day of June, 1899, more than four months after the ruling of which complaint is made; and this assignment, not being tendered in the time prescribed by law, can not be considered, although made directly in the bill of exceptions.

2. A number of grounds are set out in the motion for a new trial. An examination of the record, however, discloses the fact that no attempt whatever was made to brief the evidence as required by law. The evidence comes to this court purely in the shape of questions and answers, consisting of 203 pages. This is not a compliance with the law in relation to the presentation of the evidence heard in the court below; and, under the previous rulings of this court, no ground set out in the motion for a new trial which involves an examination of this evidence will be considered, or passed on. *Price* v. *High,* 108 *Ga.* 145; *Jones* v. *West View Cemetery,* 103 *Ga.* 560; *Henson* v. *Derrick,* 104 *Ga.* 856. Under the authority of these cases, all the grounds of the motion are eliminated except the refusal to continue the case on motion made by the defendant on account of the absence of witnesses; and because of certain errors in charging the jury, which will be presently considered. The motion for continuance was properly overruled, for several reasons. Among others, it was not made to appear that the showing was not made for delay. The defendant also sought to have a continuance because of the absence of another and a female witness residing in the county. She could not have been compelled to personally attend the trial of this case. *Powell* v. *Augusta & Summerville R. R. Co.,* 77 *Ga.* 192; and no continuance, therefore, should have been granted on account of her absence, even if she had been subpœnaed, which fact was not made to appear.

3. The main question to be considered under this record is whether the court erred in giving to the jury the following charge: " If you find from the evidence that the plaintiff lost any wheat, and you further find that that wheat, as plaintiff contends, . . was afterward delivered and sold by Buchanan to any

parties, [that would] be sufficient to authorize you to find for the plaintiff, whether Buchanan went in person to get the wheat, whether by himself or with another, or whether another may [have] taken the wheat and delivered it to Buchanan." The correctness of the principle of law involved in this charge will be considered in connection with the succeeding and only remaining ground of error set out. In that ground plaintiff in error complains that the court refused to charge, as requested, that a justice's court had no jurisdiction of a case where property was stolen and sold; the cause of action would not arise ex contractu, nor from injury or damage to personal property, as required by the constitution. The question which arises is, whether an owner of personal property which has been stolen and sold has a right of action against the person who committed the larceny, to recover the amount received by the taker. That such right exists there can be no question, and it arises from an obligation which the law imposes, and the nature of the action is one which technically arises ex contractu, and can in no sense be classed among actions arising ex delicto. It is a sound legal principle that whenever one person has money to which in equity and good conscience another is entitled, the law creates a promise by the former to pay it to the latter, and the obligation may be enforced by assumpsit. In making application of this rule Mr. Clark in his work on Contracts, page 776, says: "Where one person has wrongfully taken another's money, or has taken his property and converted it into money, the latter has a right of action ex delicto for the wrong done to him, as by an action of trespass, or trover, or by an action on the case for the value. He is not restricted, however, to an action ex delicto for the specific wrong, but may in general waive the tort and sue in assumpsit for the money as for money received for his use. The fundamental fact upon which this right of action depends is that the defendant has received money belonging to the plaintiff, or to which the plaintiff is entitled." Citing 47 N. J. L. 181; 20 Wall. 125; 73 Mich. 582; 121 N. Y. 522; 3 Cal. 458; 65 Wis. 247. And Mr. Pomeroy, in his Code Remedies, § 569, treating of this subject says: "It is a firmly established rule, from which no dissent has been suggested, that when goods or things

in action have, under any circumstances, been wrongfully taken or detained or converted, and have been *sold* or disposed of by the wrong-doer, the owner may sue in tort to recover damages for the taking and carrying away, or the conversion, or he may waive the tort and sue on the implied promise to refund the price or value as money had and received to the plaintiff's use." For which proposition he cites 4 Barb. 36; 7 How. Pr. 278; 43 Cal. 380; 49 Mo. 570; 1 Hill (N. Y.), 234; 5 Hill, 577. This court in the case of *Reynolds* v. *Padgett,* 94 *Ga.* 347, expressly recognizes the same rule. Speaking through our present Chief Justice, the court said in that case: " All the authorities agree that one who takes and sells personal property belonging to another, without the consent of the owner, is liable for its value in an action upon an implied promise to pay for the property." Further elaboration of this principle, which is universally recognized by the courts, is wholly unnecessary. The charge of which complaint was made, and the refusal of the judge to charge as requested, was a recognition of the principle, and therefore not error.      *Judgment affirmed.     All the Justices concurring.*