### 411. RHODES & SON FURNITURE COMPANY v. FREE-MAN.

1. Where personal property of A is delivered into the possession of B
   under a promise to be returned on a certain named contingency, and B
   refuses to return the property to A on the happening of said contingency,
   A has an election of remedies. He can sue in trover, or he can waive
   the tort and bring an action ex contractu on account for the value of
   the property.
2. There was no error in overruling the certiorari.

Certiorari, from Richmond superior court—Judge Hammond.
February 2, 1907.

Argued June 21,—Decided September 19, 1907.

*Dorsey, Brewster, Howell & Heyman, Charles A. Picquet, Walter Pearce,* for plaintiff in error.  *Austin Branch,* contra.

HILL, C. J.   The defendant in error brought suit in a justice's court against the plaintiff in error, on open account for the sum of $35, and obtained a judgment.   On certiorari, this judgment was affirmed.   The uncontroverted facts make the following case:   The Rhodes & Son Furniture Company sold to Diana Freeman a set of furniture for $165.   As part of the purchase-price she was to be allowed $35 for an old set of furniture which she delivered to the vendor.   The purchase was made by Diana Freeman on condition that it should be approved by her husband.   He did not approve, and Diana demanded the return of her old furniture by the Rhodes Company according to the understanding, but the company refused to return it, and subsequently sued out an attachment for the $130, balance of the purchase-money of the new furniture, and seized the same; and Diana Freeman brought suit on account for her old set of furniture.   It is contended by plaintiff in error that the judgment overruling the certiorari was error for two reasons:   (1) Because the evidence established a conversion of the furniture by the Rhodes Company, and the remedy was either in trover for the conversion, or for damages on account of the breach of duty by the company in failing to comply with its agreement; and such suits sounding in tort, the justice's court was without jurisdiction.   (2) Because the plaintiff in error, as defendant in the justice's court, pleaded that in the particular matter out of which the claim of $35 arose it had sworn out a purchase-money attachment, and that said cause was still pending; the evidence supported this plea, and pending the controversy in the attachment case the plaintiff could not maintain her suit for the old set of furniture, it being a part of the purchase-money.

1. The rule of law is well settled that the plaintiff may waive the tort and sue for money had and received to his use, where the property has been turned into money.   *Jones* v. *Smith,* 62 *Ga.* 347; *Buchanan* v. *McClain,* 110 *Ga.* 480, 35 S. E. 665; Clark on Contracts, 776.   It is only where personal property has been wrongfully taken and converted in some other manner than by a sale, and where no money has been received for it, that the remedy against the wrong-doer is restricted to an action ex delicto.   But where personal property has been delivered to one under a contract express or im-

plied, to be returned on certain conditions, and such personal property is not returned as agreed, suit can be brought either in tort, or the tort can be waived and suit brought in assumpsit for the value of the property. *Spencer* v. *Hewett,* 20 *Ga.* 426; *Buchanan* v. *McClain,* supra; Pomeroy's Code Remedies, § 569. The undisputed evidence in this case is that the contract of purchase was to be rescinded and the old set of furniture returned to the defendant in error, if the trade was not approved by her husband, and that the value of said old set of furniture was $35. The contingency which was to prevent a complete consummation of the sale did happen, but the furniture company refused to rescind, kept the old furniture, and sued for the purchase-price of the new. It seems clear that the plaintiff in the court below had a selection of remedies—suit in trover, or in assumpsit for the value of the property.

2. The pendency of the attachment suit for the purchase-money presented no legal reason why the plaintiff could not sue for the value of the furniture. The evidence does not show that she was making any resistance to the attachment suit. On the contrary it seems that she treated the contract of sale as rescinded, and, failing to get her property returned to her, was suing for its agreed value.

Under the facts, and without reference to any mere technical question of procedure, we think the justice of the case is with the defendant in error. The furniture company has retaken its property, and should either return or be made to pay for that of the defendant in error. *Judgment affirmed.*