## ʹPICKETT *et al. v.* ANDREWS.·

In an action on a note given by a principal and sureties the defendants may set off unliquidated damages flowing from the breach of an independent contract between the plaintiff and the principal, and competent testimony tending to support this plea should not be repelled.

NOVEMBER 15, 1910.

Complaint. Before Judge Littlejohn. Stewart superior court. December 27, 1909.

*T. T. James,* for plaintiff in error.

EVANS, P. J. R. M. Andrews instituted his suit against C. E. Pickett, M. Pickett, and Sarah Pickett, to recover an amount alleged to be due upon a note attached to the petition. The defendants admitted the excution of the note. C. E. Pickett pleaded that he signed the note as principal, and that the other two defendants were his sureties; and asked to set off damages alleged to have been sustained by him on account of a breach of a contract between himself and the plaintiff, relating to the hauling of certain timber, the amount of damages claimed being more than the amount due on the note. The other defendants, M. Pickett and Sarah Pickett pleaded that their liability on the note extended no further than that of their principal; and that unless the plaintiff was entitled to recover against their principal, he was not entitled to recover against them. On the trial the principal defendant, C. E. Pickett offered to prove his plea of set-off, and the testimony was objected to on the ground that the damages sought to be set off arose ex delicto and could not be set off in an action ex contractu. The court repelled the evidence. A verdict for the amount of the note was rendered in favor of the plaintiff against all of the defendants. They filed a motion for new trial, which being overruled, they excepted.

The Civil Code, § 3747, provides that a debt due to the principal may be set off against principal and sureties. *Wilson* v. *Exchange Bank,* 122 *Ga.* 495 (50 S. E. 357, 69 L. R. A. 97). Under the Civil Code, § 3746, any mutual demand between the parties existing at the commencement of the suit may be set off, and, except in case of dishonored notes (Civil Code, § 3750), the debts need not be connected, need not grow out of the same transaction, and need not have arisen in mutual dealings. *Nix* v. *Ellis,* 118 *Ga.* 345 (45 S. E. 404, 98 Am. St. R. 111). The proposed set-off was unliqui-

dated damages arising from the breach of a contract. There was no demurrer to the plea; and the evidence was excluded because it was contended that such damages sounded in tort, and could not be set off in an action on a contract. Unliquidated damages for the breach of a contract may be set off the same as liquidated damages. - *Fontaine* v. *Baxley*, 90 *Ga.* 427 (17 S. E. 1015). Damages for the breach of a contract do not spring from a tort, but from the violation of a contract; and therefore such damages arise ex contractu, and constitute a mutual demand, which is the subject-matter of set-off in a suit on a contract. In *McAllister* v. *Millhiser*, 96 *Ga.* 474 (23 S. E. 502), it was held that the defendant who was sued on an open account could plead in set-off that he was damaged by the plaintiff's wrongful refusal, after demand, to return certain notes belonging to defendant, and pledged as collateral for another debt due the plaintiff which was paid. In that case it was stated that "It is true that the defendants might have treated the unwarranted detention of their collaterals as a conversion of the same, and have maintained an action of trover for their recovery, in which they might have had a verdict either for the collaterals themselves or for their value. But the defendants were not obliged to pursue this course, and had, beyond question, the right to bring an action for the breach of the implied promise to return; and if they could bring an action of the latter kind, they surely could obtain the same results by filing a set-off to an action brought against themselves by the plaintiffs, a plea of set-off being really in the nature of a cross action." The evidence was not open to the objection urged against its admissibility, and a new trial must be granted.

*Judgment reversed. All the Justices concur.*