### 7124. NELMS v. THE STATE.

RUSSELL, C. J. 1. The defendant was charged with robbery. In his statement denying a robbery he claimed that he and his associate won the prosecutor's watch and money, by what was called a "belt trick," and he detailed the colloquy between his associate and himself as the prosecutor approached them, in which his associate referred to the prosecutor, and, pulling out his belt, said, "Maybe· we can catch him on it." The defendant's counsel, in directing the defendant during his statement at the trial, told him to "go out there and show the jury how that belt trick is worked." Throughout the testimony, as it appears from the record, the device by which the defendant and his associates, as they claimed, won the watch and money was a belt game or belt trick, and the nature of the trick was demonstrated to the jury by the defendant. Under these circumstances it was not error for the trial judge, in stating to the jury the contentions of the defendant, to use the expression "they say . . they flim-flammed him out of it." The language used, though it may not have been classical, was not for any reason assigned objectionable.

2. The excerpt from the charge of the court in reference to the right of the jury to give preference to the defendant's statement, when viewed in connection with its context, even if argumentative, is not objectionable upon the specific ground that it contained an intimation of an opinion on the part of the court as to the comparative credibility of the defendant and the witnesses.

3. Provided that the manner and form of the questions do not convey any intimation of an opinion (*Sharpton* v. *State*, 1 *Ga. App.* 542, 57 S. E. 929), it is not only the privilege, but the duty, of the court to propound such questions as will tend to elicit the truth. *Kelly* v. *State*, 19 *Ga.* 425; *Bowden* v. *Achor*, 95 *Ga.* 244 (4) (22 S. E. 254); *Caswell* v. *State*, 5 *Ga. App.* 483 (63 S. E. 566). There was no error by the court in propounding questions in the present case, for it is plain that the only purpose of the judge was to bring out the full truth with reference to certain points which it was proper should be made clear to the jury.

4. There was no abuse of discretion in refusing to grant a new trial on the ground of alleged newly discovered evidence, since it clearly appears that the facts contained in the affidavits of the witnesses relied upon to give the evidence were known before the trial, and that only the witnesses themselves were discovered afterwards. Not only would the exercise of ordinary diligence have procured the presence of these witnesses at the trial, but their testimony, as adduced, would be merely cumulative and impeaching, and is not of such a nature as probably would cause a different result.

5. The evidence authorized the conviction of the accused, and there was no error in overruling the motion for a new trial.

                                                   *Judgment affirmed.*

DECIDED MAY 18, 1916.

Indictment for robbery; from Fulton superior court—Judge B. H. Hill. November 13, 1915.

Paragraph 2 of the decision relates to the following part of the charge of the court: "They [the defendants] come before you and they say they got the property of this prosecutor, but they say they did not get it by robbery, but by other means described. And you have the right to believe their statements in preference to the sworn testimony in the case. Now, which do you believe? It is for you to decide which is the truth, and you can believe their statements in preference to the testimony of the witness who testifies about it, who testified where he was, under what circumstances he was robbed, where he went and reported it, and where he found his watch. You can take into consideration his character and deportment as a witness on the stand, in arriving at the truth of his testimony, and then you can take the statements of the two defendants; consider their deportment, consider their manner and their statements, and, as I have said, you have the right to believe them in preference to the evidence, if you see proper to do so." In the motion for a new trial it was alleged that the court erred in the charge as to what the witness testified, "because the statement of the court as to the things that the witness had testified about intimated an opinion as to the evidence, and summed up the various things which the prosecutor had testified as occurring, as against the statements of the defendants, and altogether excluded from his statement any reference whatever to the testimony of W. N. Carter and Willie Anderson (witnesses for the defendants), who also testified in the case."

*John A. Boykin,* for plaintiff in error.

*Hugh M. Dorsey,* solicitor-general, *E. A. Stephens, J. Walter LeCraw,* contra.