10944.   STEPHENS v. BLACKWELL *et al.*

BLOODWORTH, J.   1.   "In an action on a note given by a principal and sureties the defendants may set off unliquidated damages flowing from the breach of an independent contract between the plaintiff and the principal, and competent testimony tending to support this plea should not be repelled." *Pickett* v. *Andrews*, 135 *Ga.* 299 (69 S. E. 478). In the opinion in that case it is said: "Damages for the breach of a contract do not spring from a tort, but from the violation of a contract; and therefore such damages arise ex contractu, and constitute a mutual demand, which is the subject-matter of set-off in a suit on a contract." Under these rulings the court did not err in overruling the demurrer to the plea, and the charge of the court was not subject to the exception taken. See also Civil Code (1910), § 4340; *Buchanan* v. *McClain*, 110 *Ga.* 477 (3) (35 S. E. 665).

2.   "An assignment of error upon a ruling of the court excluding evidence, which does not set forth the evidence literally or in substance, is too indefinite to present any question for consideration." *Fountain* v. *State*, 23 *Ga. App.* 120 (5) (98 S. E. 178), and cit.; *Edenfield* v. *Boyd*, 143 *Ga.* 97 (7) (84 S. E. 436). This ruling disposes of special grounds 1, 2, and 4 of the motion for a new trial.

3.   "The refusal to direct a verdict is not error in any case." *Dudley* v. *Isler*, 21 *Ga. App.* 615 (2) (94 S. E. 827), and cit.

4. "Under repeated decisions of this court and of the Supreme Court, each special ground of a motion for new trial must be complete within itself; and when so incomplete as to require a reference to the brief of evidence, or to some other portion of the record, in order to determine what was the alleged error and whether such error was material, the ground will not be considered by the reviewing court." *McCall* v. *State,* 23 *Ga. App.* 770 (1) (99 S. E. 471). This disposes of the 5th special ground of the motion for a new trial.

5. The verdict has evidence to support it.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*
DECIDED MARCH 2, 1920.

Appeal; from Cherokee superior court—George D. Anderson, judge pro hac vice. September 13, 1919.

*E. W. Coleman,* for plaintiff.