## 15493.  BANK OF COMMERCE v. FIRST NATIONAL BANK OF OCILLA.

BROYLES, C. J.  1.  "Under repeated decisions of this court and of the Supreme Court, each special ground of a motion for a new trial must be complete within itself; and when so incomplete as to require a reference to the brief of evidence, or to some other portion of the record, in order to determine what was the alleged error and whether such error was material, the ground will not be considered by the reviewing court." *Stephens* v. *Blackwell,* 24 *Ga. App.* 798 (4) (102 S. E. 452) ; *Pound* v. *Smith,* 146 *Ga.* 431 (5) (91 S. E. 405).  Under this ruling grounds 2, 5, and 6 of the amendment to the motion for a new trial present nothing for the consideration of this court.

2.  "The court may properly propound questions to a witness on the stand, with a view to elicit the truth of the case; and if in such examination the court does not express or intimate an opinion as to the credibility of the witness, or as to what has or has not been proved, the mere fact that competent testimony of the witness so elicited may be detrimental to the interest of a party will not be cause for granting him a new trial." *Johnson* v. *Leffler Co.,* 122 *Ga.* 670 (7) (50 S. E. 488).  The questions which the court in the instant case propounded to a witness, as complained of in grounds 3 and 4 of the amendment to the motion for a new trial, were not improper for any reason assigned.

3. The documentary evidence set forth in grounds 7, 8, and 9 was relevant and material to the issues in the case, and its admission in evidence was not error for any reason assigned.

4. Where "an attorney for a plaintiff has accepted from the defendant a sum less than the amount of the plaintiff's claim, as a full settlement thereof, without authority from his client to make such a compromise, the defendant, upon proper pleading and proof, would be entitled to a credit for the amount actually paid by him to the attorney." *Kiser* v. *Hancock*, 106 *Ga.* 217, 219 (32 S. E. 123). Under this ruling, and the uncontradicted facts of the instant case, which show that the attorney who filed suit in behalf of the plaintiff was the attorney to whom the defendant paid a certain sum of money (less than the full amount of the plaintiff's claim) with the distinct understanding and agreement that in case his client, the plaintiff, refused to accept the amount so paid in full settlement of the claim they would litigate the balance, a credit for the amount of money actually paid the plaintiff's attorney of record was demanded, and, since the defendant upon the trial offered to pay immediately into court a sum of money sufficient to pay the balance of the plaintiff's claim, the court did not err in directing a verdict in favor of the defendant.

(a) While it is true, as alleged and complained of by the plaintiff in error in its motion for a new trial, that at the time of the direction of the verdict the defendant had not actually paid into court the amount admitted to be due, this irregularity does not require a reversal of the judgment below, since the court, in a note attached to the motion for a new trial, states, that "attorneys for defendant stated during progress of trial that they were willing and then offered to pay into court the $120 just as soon as it could be brought from the bank to the court-house, if case would be held open for this purpose, and the verdict was directed with this statement in view, and the money was brought in and paid over under direction of the court within a few minutes thereafter."

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED JUNE 10, 1924.

Complaint; from Irwin superior court—Judge Eve. February 21, 1924.

*A. J. & J. C. McDonald,* for plaintiff.

*Rogers & Rogers,* for defendant.