### 15804.　FULTON NATIONAL BANK *v.* REDMOND.

Where the holder of negotiable paper received after its maturity sues the maker thereon, the maker may set off damages, although unliquidated, for a breach of a contract by the original payee.

　　　　　　　　DECIDED NOVEMBER 15, 1924.

Mortgage foreclosure; from Fulton superior court—Judge Ellis.　May 2, 1924.

Certiorari was granted by the Supreme Court.

*Little, Powell, Smith & Goldstein, William Matthews,* for plaintiff.

*McDaniel & Neely,* for defendant.

BROYLES, C. J.　This was a mortgage foreclosure by the Fulton

National Bank upon a steam-shovel in the possession of W. J. Redmond. It appears that the shovel was sold under a written contract of conditional sale to Redmond by the Thew Automatic Shovel Company. The promissory notes executed by Redmond, and representing the balance due under the contract, together with the contract, were transferred by the Shovel Company to the Graves Machinery Company, and subsequently, and after the maturity of the notes, the Fulton National Bank received the notes, together with the contract of conditional sale, as collateral security from the Graves Machinery Company. Redmond filed a counter-affidavit, and an amendment thereto, alleging: that the shovel had been paid for in full before the plaintiff bank had received the notes, and that the Graves Machinery Company was indebted to him under certain contracts involving the use of the shovel and other equipment used in road building; that he had paid to the Graves Machinery Company, before the notes were transferred to the bank, the sum of $10,800.60; that the deduction of this amount from the purchase price of the shovel left a balance due thereon to the Graves Machinery Company of $1916.30, plus the accrued interest; that the Graves Machinery Company, however, was indebted to him in the sum of $14,297.65; and that, as the notes in question were acquired by the plaintiff bank after maturity, all the defenses good against the machinery company were available against the plaintiff bank, and, therefore, he is not indebted to the plaintiff in any amount. It appeared from Redmond's counter-affidavit that the $14,297.65 was the amount he claimed to be due him from the Graves Machinery Company for his services, equipment, etc., including the use of the steam-shovel involved, in connection with work done on what was known as "Federal aid project No. 9, in Rabun county, Ga." It was also set up, in substance, in the counter-affidavit that although the contract for the Rabun county work was taken in the name of George B. Graves, it was really the contract of the Graves Machinery Company, that the company got the benefit of the work done on the project by Redmond, and that he is entitled to a credit for the value of such work on the purchase price of the steam-shovel.

Upon the trial, after the plaintiff had introduced its evidence, the defendant introduced evidence sufficient (as is admitted in the record by the plaintiff in error) to sustain his contention as set out

on page 1 of his counter-affidavit. Counsel for the defendant then offered the oral testimony of Redmond himself to sustain his contention as set out on page 2 of his counter-affidavit, which pertained entirely to the work done on the Federal aid project No. 9, in Rabun county, Ga. The plaintiff objected to and moved to rule out all of the testimony of Redmond as to this work, on the sole ground that none of the evidence concerning Project No. 9 showed a *liquidated* claim against the Graves Machinery Company, and, therefore, even if true, was not a defense against the notes in the hands of a bona fide purchaser after maturity. The court overruled this objection and admitted the evidence.

The defendant offered also the testimony of a witness in regard to a dispute between the State Highway Commission and George B. Graves as to the amount due Graves on the contract for Project No. 9. Plaintiff objected to this testimony, on the ground that it was irrelevant and immaterial as to the merits of the case. The court overruled the objection and admitted the evidence. The jury returned a verdict for the defendant, and the plaintiff brought the case to this court by a direct bill of exceptions, and assigned error upon the admission of the testimony of Redmond regarding the set-off arising from Project No. 9, and upon the admission of the testimony regarding the dispute between the Highway Commission and George B. Graves. The bill of exceptions assigned also as error the verdict and judgment, but solely because of the preceding alleged erroneous rulings upon the admissibility of the evidence as above stated.

In our view of the case the court did not err in overruling the objection made to the admission of the testimony of Redmond as to Project No. 9, and in admitting the testimony. The evidence was sufficient to authorize a finding that although the contract for Project No. 9 was in the name of George B. Graves, it was really the contract of the Graves Machinery Company, and that the company, in connection therewith, breached a contract which it had made with Redmond, to his damage.

It is well settled that "unliquidated damages for the breach of a contract may be set off the same as liquidated damages." *Fontaine* v. *Baxley,* 90 *Ga.* 416, 427 (2) (17 S. E. 1015) ; *Pickett* v. *Andrews,* 135 *Ga.* 299, 300 (69 S. E. 478). In passing upon the question whether the trial judge erred in admitting this evi-

dence, this court can not consider any objection thereto except that stated to the trial court at the time of its admission. It is true that the bill of exceptions recites that "plaintiff in error contended at the time, and contends here, that the only items that could be set off against it were matters connected with the transaction for which the notes were given, and as the matters and things set up on page 2, to wit, Project No. 9, were matters arising out of another and different transaction than that covered by the notes which the mortgage was given to secure, the defendant was not entitled to sustain such a set-off against the plaintiff." The brief of the evidence, however (which contains the objections made to this evidence and the ruling of the court thereon), clearly shows that the only objection made to the evidence at the time it was offered, and the only objection ruled on by the trial court, was that it disclosed that the claim of the defendant was not a liquidated one, and therefore was no defense against the notes in the hands of a bona fide purchaser after maturity. The brief of the evidence is attached as an exhibit to the bill of exceptions, and thus is technically a part thereof. When, therefore, the bill of exceptions is properly construed as a whole, it clearly appears that the only objection made to the evidence at the time of its admission, and the only objection ruled upon, was as above stated.

In our opinion the court did not err in admitting the evidence as to Project No. 9, or the other evidence complained of in the bill of exceptions.

It follows that the assignment of error upon the verdict and judgment is without merit.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*