24781. FRASER *v.* THE STATE.

Decided November 13, 1935.

*O. C. Darsey,* for plaintiff in error.
*J. P. Dukes, solicitor-general,* contra.

MacIntyre, J. Ting Fraser was indicted for assault with intent to murder and was convicted of stabbing. The questions for determination are presented by the judgment overruling the motion for new trial as amended. The evidence for the State is in effect that, without sufficient provocation, the defendant stabbed another with a hack-cutter. Unquestionably the evidence supports the verdict.

In the first special ground error is assigned as follows: "Movant shows that when his counsel sought to put the character of the said prosecutor and the person assaulted in evidence for violence, the court sustained an objection interposed by the prosecuting attorney and excluded from said jury the character of said person assaulted, and refused the defendant's counsel the right to question said witness on said line." The ground continues: ": Movant shows that said testimony tended to show the character of said person assaulted for violence was admissible for the reason that said witness had already sworn that he was the aggressor, his evidence being as follows, to wit: 'Ting and Pinkey Roberson got into an argument, and I walked up there and said: "Boys, good gracious alive, what you all arguing about, we come here to have a good time and you all start arguing before we get here good." Ting Fraser was standing there and there were two cutters on the table, and I spoke to him and said: "Ting, there ain't no use in you trying to get bad, or act bad, nobody is going to bother you, but if you want to get bad some of the boys will get bad with you."'" "A general character for violence can not be established by proof of specific acts." *Doyal* v. *State,* 70 *Ga.* 134 (5). It does not appear from the ground how character was sought to be shown. Again, evidence that the prosecutor was a person of violent character was admissible only after it had been "shown prima facie that the prisoner had been assailed and was honestly seeking to defend himself." *Doyal* v. *State,* supra. The evidence quoted in the ground goes no further than to show that the prosecutor merely remonstrated with the defendant about his conduct—not that the prosecutor was the aggressor. We hold that the ground is not meritorious.

It is averred in special ground two that the court erred in his ruling on the admissibility of the evidence showing the character of the prosecutor and person assaulted by using the following lan-

guage: "I understand in homicide cases you can't introduce evidence showing the reputation of the deceased for violence or peacefulness until it is shown that the deceased was the aggressor. So far it hasn't appeared that he was, and I think the same rule would apply." Error is assigned because "the court expressed an opinion to the jury as to what had or had not been proven . . as to the assaulted person being the aggressor." It is urged that "the question was one for the jury to decide as to whether or not the testimony of the person assaulted, hereinabove stated, amounts to sufficient facts to lead them to believe that said person was in fact the aggressor." In the first place, it will be observed that the ground nowhere sets out the evidence relied on to show that the person assaulted was the aggressor, but merely refers to the preceding ground for it. It follows that, so far as the ground discloses, the following statement of the court was true: "So far it hasn't appeared that he was." Again, "the trial judge may state his reasons for admitting or excluding evidence, if they are pertinent to the evidence and the ruling made thereon, and such a statement will not violate the rule that the court should not intimate or express an opinion to the jury upon the facts of the case." *Parker* v. *Wellons*, 43 *Ga. App.* 721 (3) (160 S. E. 109); *Chapman* v. *State*, 23 *Ga. App.* 359 (98 S. E. 243); *Milton* v. *Milton*, 174 *Ga.* 92 (7) (162 S. E. 543). There is no merit in this ground.

Special ground three avers that the court erred in interrogating a witness for the State, to wit, W. R. Chapman, whose testimony was as follows: "There was a warrant sworn out in this case. I have not been trying to settle this case. Mr. Dawson was going to prosecute the case in the city court and this boy's mother came to me and asked me not to prosecute it, to wait and see if they could not get on some kind of a settlement, and right there is where it stopped, and this boy came before the grand jury and got this indictment." The first assignment of error is that "said testimony . . was secondary evidence, as the warrant itself . . was the highest and best evidence as to what was done," it not having been shown that the warrant was lost or destroyed. A reading of the testimony satisfies us that this assignment of error is not meritorious. Neither do we think there is merit in the assignment that "a portion of said testimony . . was a conversa-

tion between the witness and some other person, not in the presence or hearing of the defendant." The ground should have specifically shown that part of the testimony assigned as objectionable. However, the testimony referred to appears to be, "and this boy's mother came to me and asked me not to prosecute it, to wait and see if they could not get on some kind of a settlement." It appears from the record that counsel for the defendant himself elicited from the witness Chapman the following testimony: "This case was first brought in the city court. That was not at my direction. . . I know how it come in the superior court, because the boy's mother asked me not to prosecute this case, that they would pay the doctor's bill if he would settle it, which they did not do, and the boy told me he was going before the grand jury and indict him if he didn't pay. . . He wanted to prosecute the boy and I told him that if the negro would pay the doctor's bill it would relieve me of the responsibility. I advised him to take the money if he could get it." It appearing that the defendant's counsel had already brought out the question of settling the case, and that in so doing he had elicited from the witness testimony that "the boy's mother asked me not to prosecute the case," etc., we hold that the assignment of error under consideration is not meritorious. Before concluding this branch of the decision we deem it proper to call attention to the following applicable rule of law: "It was the duty of counsel to object to any improper question, whether propounded by court or by counsel; and it is both proper and necessary to move the court to exclude the answer of the witness, if the answer is for any legal reason objectionable. *Wilson* v. *State,* 19 *Ga. App.* 759 (3), 763 (92 S. E. 309)." *Johnson* v. *State,* 21 *Ga. App.* 497 (2) (94 S. E. 630). The ground shows affirmatively that no objection or motion to rule out the evidence was ever made.

It is averred in special ground four that the court erred in eliciting from the witness Elliot Wilcox the following testimony: "I have not been trying to get money to settle this case. They came and asked me about settling it, but they didn't get up the money, so I didn't settle it." The substance of the first assignment of error is that "all said testimony . . could have no bearing upon the case", because the offense was a felony and could not be settled. The assignment of error appears to assume that

evidence of an attempt to settle a felony case would be ipso facto inadmissible, and we do not think that this is necessarily true. The next assignment in this ground is that "said testimony developed the fact that some one had been to him for a settlement of the case without first showing that the defendant was with the parties or that he had knowledge of the said act, and therefore same was not binding on defendant, unless it was first shown that said parties were so authorized by him to settle said case." It not appearing that the evidence was objected to, or that any motion was made to exclude it, the assignment of error is not good. *Wilson* v. *State,* and *Johnson* v. *State,* supra. The contention that "said testimony was inadmissible and hurtful to his [movant's] case, especially where it was brought out by the court, without the right of the defendant to object to the same, and left the impression with the jury that the defendant had in fact committed a crime, and was trying to settle the same, which was and is contrary to the contention of defendant," is not meritorious.

It is averred in special ground five that the court erred in interrogating a witness for the defense, Joe Fraser Jr., whose testimony was as follows: "I don't know what cut my hand. Ting was passing me when it got cut. Nobody else passed me. I did not see anything in his hand then. I just had my hand cut as he passed. He was the only one passed and it wasn't cut when I went there." Error is assigned "because the solicitor-general had just completed his cross-examination of said witness, who had just testified to practically the same facts brought out by the court, and there was no necessity of bringing out said testimony the second time, which, when done by the court, was compelled to impress the jury that the court thought him to be a bad actor, and wanted the jury to convict him on his general bad character." In the first place, the averment that the witness "had just testified to practically the same facts brought out by the court," is not tantamount to setting out what the prior testimony was and having the court to certify it, and this court is unable to determine for itself whether the evidence was "practically the same." Again, what question was asked the witness by the court, and whether his testimony was responsive to the answer, can not be determined. "The court may properly propound questions to a witness on the stand, with a view to elicit the truth of the case; and if in such examination the

court does not express or intimate an opinion as to the credibility of the witness, or as to what has or has not been proved, the mere fact that competent testimony of the witness so elicited may be detrimental to the interest of the party will not be cause for granting him a new trial. *Johnson* v. *Leffler Co.,* 122 *Ga.* 670 (7) (50 S. E. 488)." *Bank of Commerce* v. *First National Bank of Ocilla,* 32 *Ga. App.* 410 (2) (123 S. E. 736). And in such a case "it is not only the privilege, but the duty, of the court to propound such questions as will tend to elicit the truth. *Kelly* v. *State,* 19. *Ga.* 425; *Bowden* v. *Achor,* 95 *Ga.* 244 (4) (22 S. E. 254); *Caswell* v. *State,* 5 *Ga. App.* 483 (63 S. E. 566)." *Nelms* v. *State,* 18 *Ga. App.* 92 (3) (88 S. E. 917). See also *Johnson* v. *State,* 169 *Ga.* 814 (2), 821, 822 (152 S. E. 76). Wherefore, if it be granted that the witness "had just testified to practically the same facts," this court can not say, and the ground does not show, either that a proper question was not propounded by the court, or that the testimony in question did not clarify the witness's former testimony and tend to bring out the truth of the matter. There is no merit in the ground.

Special ground six is not meritorious under the following established rule of law: "In the absence of a written request, it is no ground for a new trial for the court to omit to instruct the jury on the subject of weighing the testimony of witnesses in cases of conflict." *Mallory* v. *Moon,* 130 *Ga.* 591 (2) (61 S. E. 401); *Campbell* v. *State,* 123 *Ga.* 533 (7) (51 S. E. 644).

The seventh and last special ground avers that "the court erred in failing to instruct the jury . . the law of self-defense, the contention of the defendant being that he assaulted the prosecutor in self-defense, and after he had been assaulted by the prosecutor, and that the prosecutor, as he thought, was making or attempting to make a felonious assault on defendant at the time the wound was inflicted. An examination of the charge given by the court discloses that the defendant was given the benefit of his contention, and if movant had desired any fuller or more detailed charge on the subject of self-defense he should have requested it. There is no merit in this ground.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*