33062.   PITTSBURGH PLATE GLASS COMPANY
v. MOULDER.

DECIDED JULY 7, 1950.   REHEARING DENIED JULY 20, 1950.

*William A. Fuller,* for plaintiff.

*Rex T. Reeves,* for defendant.

SUTTON, C. J.   The Pittsburgh Plate Glass Company filed a suit against J. M. Moulder, in the Civil Court of Fulton County, upon an account for $255.65, for certain materials purchased by the defendant from the plaintiff during the period from October 18, 1948, to March 18, 1949.

The defendant answered and set up that he had paid the account sued on, and by way of cross-action alleged that the plaintiff was indebted to him in the amount of $1151.63, upon an oral contract entered into between them, in November, 1946, by the terms of which the plaintiff employed the defendant to make certain glass installations at the Ford plant in Hapeville, Georgia, and was to pay the defendant 25c per hour multiplied by the total hours that would be necessary for the defendant to complete the glass installation, and that he was engaged in this work from April 10, 1947, to February 26, 1948, that he and his employees worked a total of 4606½ hours and completed the work and the plaintiff owed him the amount of $1151.63 for the same.

The plaintiff demurred to the defendant's answer on the ground that the "answer of the defendant in the nature of a cross-action seeks to introduce new and distinct matter not germane to the original suit." The trial judge overruled the demurrer and the plaintiff excepted pendente lite.

The case proceeded to trial and the jury returned a verdict for the defendant against the plaintiff for $1010, and judgment was entered accordingly. The plaintiff made a motion for a new trial, which was amended by adding certain special grounds, and

the motion was overruled.  Error is assigned by the plaintiff in the bill of exceptions on the exceptions pendente lite and on the judgment overruling the motion for a new trial.

■ Counsel for the plaintiff in error devotes most of his argument to the assignment of error on the overruling of the plaintiff's demurrer to the defendant's cross-action on the ground that the "answer of the defendant in the nature of a cross-action seeks to introduce new and distinct matter not germane to the original suit."  The contentions of the plaintiff in error in this respect cannot be sustained.

"All claims arising ex contractu between the same parties may be joined in the same action, and all claims arising ex delicto may in like manner be joined.  The defendant may also set up, as a defense, all claims against the plaintiff of a similar nature with the plaintiff's demand."  Code, § 3-113.  "Between the parties themselves any mutual demands, existing at the time of the commencement of the suit, may be set off."  Code, § 20-1302.

There were mutual demands existing between the plaintiff and the defendant at the time the plaintiff commenced this suit.  The plaintiff's claim was for the value of material sold by it to the defendant and the defendant's claim was for the value of services rendered by him to the plaintiff under an oral contract or agreement.  Both claims arose ex contractu and they were of the same nature.  In such circumstances, the defendant's claim need not be connected, need not grow out of the same transaction, nor arise in mutual dealings.  *Pickett* v. *Andrews*, 135 *Ga.* 299 (69 S. E. 478); *Nix* v. *Ellis*, 118 *Ga.* 345 (1) (45 S. E. 404, 98 Am. St. R. 111).

The defendant could have sued the plaintiff in a separate suit for the amount of his demand or he could set it up in his answer to the plaintiff's suit by way of a cross-action or setoff.

It is true that when a defendant seeks to recoup damages of a plaintiff, he is confined to the contract on which the plaintiff sues; but the defendant's demand in the present case is not one of recoupment.  The Code, § 20-1312, provides: "Recoupment differs from a setoff in this:  The former is confined to the contract on which plaintiff sues, while the latter includes all mutual debts and liabilities."

The trial judge did not err in overruling the plaintiff's demur-

rer to the defendant's answer on the ground that the answer in the nature of a cross-action seeks to introduce new and distinct matter not germane to the original suit.

We have carefully considered the authorities cited by the plaintiff in error with respect to this assignment of error, but they do not authorize or require a different ruling in this case from the one here made.

■ Special grounds 4, 5, 6, and 7, which complain of the admission of evidence as to certain contracts and as to payment of the plaintiff's account, show no harmful error.

■ Under the pleadings and evidence it was not error, as alleged in special ground 8 of the motion, for the judge to charge the jury: "The first issue for you to determine is whether or not under the evidence the defendant has carried the burden of establishing by a legal preponderance of the evidence that he had in fact paid those bills."

■ The trial judge did not err in overruling the plaintiff's motion for a new trial.

*Judgment affirmed. Felton and Worrill, JJ., concur.*