33269, 33270.   C. M. MILLER COMPANY INC. *v.* RAMEY;
and *vice versa.*

DECIDED OCTOBER 26, 1950.   REHEARING DENIED DECEMBER 15, 1950.

808

*Logan & Scott,* for plaintiff in error.

*Kimzey & Crawford,* contra.

GARDNER, J. Did the court err in overruling the plaintiff's general demurrer to the plea of setoff filed by the defendant and in denying the plaintiff's oral motion to strike such plea based upon the same grounds, which were that the plaintiff's action was ex contractu and the defendant was seeking to recover by way of setoff, damages for an alleged tort in that the subject-matter thereof was an action for an alleged fraud and deceit upon the part of the plaintiff, that the claim of the defendant was for unliquidated damages, which could not be set off against a liquidated claim ex contractu; and that the damages claimed by the defendant consisted of expenses of litigation which were not recoverable, where it was not alleged and did not appear that the plaintiff had acted in bad faith in the transaction?

While it is true that a claim ex delicto cannot be set off in law against an action on a contract (*Hecht* v. *Snook &c. Co.,* 114 *Ga.* 921, 923, 41 S. E. 74, and cit.), and that the plaintiff's claim is ex contractu, it does not appear that the subject-matter of the plea of setoff, interposed by the defendant to the plaintiff's claim, was one in tort. To make out a cause of action for fraud and deceit it is necessary to allege that the person defrauding by false statements or by representations inducing the other person to act to his injury, knew that the representations were false and made the same with the intent to deceive and defraud on existing facts. See Code, § 105-302. The defendant alleged that, relying upon the representation made by the plaintiff to it, when it had refused to purchase the flour, when the plaintiff first informed it of the fact that the U. S. Food & Drug Inspector contended that part thereof was adulterated and impure, that he had been to Atlanta and that the Government had no claim against the same, entered into the contract with the said plaintiff and purchased this flour, and it developed later that the Government seized the flour and sought to condemn the same through proceedings in the U. S. District Court, and that the defendant had, in order to prevent the condemnation thereof, expended the sums set out in the statement of facts in order

to effect a release of such flour from the Government's claim, after notifying the plaintiff, and the plaintiff promising (in effect) to take steps to protect the purchaser of the flour against condemnation under said procedure. The claim of the defendant was therefore not an action for fraud and deceit based upon a false statement of the plaintiff which he knew to be false, and which he made with intent to deceive, but was an action for damages arising from the breach of the plaintiff of his warranty that he had the right to sell the flour to the defendant and that he had been to Atlanta and ascertained that the Government had no claim against the flour and did not contemplate proceeding against it, thus warranting impliedly that the flour was reasonably suited for the purposes for which it was sold. It does not appear that the plaintiff knew at the time that this statement was false and that he made the same with intent to deceive the defendant. Such claim of the defendant was therefore properly set off against the action of the plaintiff on contract. The demands and claims of the parties were both ex contractu. The defendant C. M. Miller Company's claim was the proper subject-matter of a setoff against the action of the plaintiff for the purchase-price of these mops, and the court properly overruled the plaintiff's demurrers thereto and his oral motion to strike the same. See *Stephens* v. *Blackwell*, 24 *Ga. App.* 798 (102 S. E. 452); *Pickett* v. *Andrews*, 135 *Ga.* 299 (69 S. E. 478). Had all of this flour been taken from the defendant by the Government through the condemnation proceedings brought against the same, the plaintiff would have been liable to the defendant for the amount paid by it for the flour, and it, therefore, stands to reason that where the defendant effects a settlement of the proceedings to condemn in the U. S. Court and obtains a release to it of that portion of the flour seized, thus saving the same, that the plaintiff is due to reimburse the defendant for such expense as he was legitimately put to in saving that portion of this flour, and such expenses were properly set off as a demand ex contractu against the plaintiff's action for the purchase-price of the mops bought by the defendant from him.

It appearing that the evidence was without substantial conflict and demanded a finding by the jury that the defendant

owed for the purchase of these mops, and likewise there was no conflict in the evidence as to the representation made by the plaintiff, which was relied on by the defendant in purchasing this flour and as a direct result of the breach by the plaintiff of this statement, which was in the nature of a warranty and part of the contract relative to the purchase by the defendant of the flour from the plaintiff, that the defendant suffered the damages claimed in the setoff, namely the actual expense to which it was put in order to obtain the release of the portion of this flour from the proceedings in the U. S. Court by the Government to condemn the same, it follows that the defendant was due to the plaintiff the sum of only $7.33, which sum it had paid into the registry of the trial court, and that, therefore, the trial court erred in overruling the motion for new trial made by the defendant on the general grounds. A verdict in favor of the plaintiff for $7.33, the sum so paid into the court, with all costs in the case incurred after the tender and payment of said sum into court assessed against the plaintiff, was demanded, and the court should have directed the jury so to find.

It follows that none of the special assignments of error dealing with the charge of the court require consideration by this court, as the same are not likely to recur under the disposition made of this case.

The court erred in overruling the motion for new trial of the defendant in that the verdict and judgment complained of therein were contrary to the law and to the evidence.

It also necessarily follows that as to the alleged errors assigned in the cross-bill of exceptions, insofar as the same relate to the overruling of the demurrers and the oral motion to strike of the plaintiff, the trial court properly overruled and denied said demurrers and oral motion to dismiss and to strike said plea of setoff, and also that no error was committed by the court as to the admission of the evidence by the defendant in support of its cross-action and setoff. See *Stephens* v. *Blackwell*, supra.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. MacIntyre, P.J., and Townsend, J. concur.*