33650.   SCHAMROTH *v.* THE STATE.

Decided July 16, 1951.  Rehearing denied July 30, 1951.

*Daniel Duke, Gilbert Cohen, Hugh C. Carney,* for plaintiff in error.

*Paul Webb, Solicitor-General, Robert A. Blackwood, Frank S. French, Charlie O. Murphy,* contra.

Townsend, J.  (After stating the foregoing facts.)  ■  The first, second and fourth grounds of the amended motion for a new trial will be considered together, as they deal with the right of the court to examine the witnesses for competency in the presence of the jury, and of his charge on this question.  Barbara Ann, the State's chief witness, was ten years old and in the fifth grade of school.  At the request of the solicitor-general that the court examine her upon her qualifications as a witness the court elicited this information, together with a statement as to her Sunday School and church attendance and the distinction in her mind between right and wrong.  Counsel for the defendant at this point objected to the examination being conducted in the presence of the jury on the ground that no attack had been made on the character of the witness, and that questions calling for an answer which would tend to add credibility or to bolster the witness without an attack would be improper.  The objection was overruled, and the court thereafter questioned the witness

as to her knowledge of right and wrong, the evils of telling lies, the identity of God, and her belief in the life after death. The witness making satisfactory responses to these questions, the court ruled that she was competent.

The same question arose upon the examination of Joan Anchors, aged fourteen, who testified as to her school and church membership and answered certain questions in elementary theology propounded by the court. Objections were urged on the ground that the questions, under the guise of determining the witness's intelligence and understanding, actually dealt with her specific habits, thus tending to surround her with the odor of sanctity and bolster her character for credibility.

Objection is also made to the following charge of the court: "The competency of a witness to testify must be decided by the court. Children who do not understand the nature of an oath are incompetent witnesses. The court must by examination decide upon the capacity of one offered as a witness and objected to as incompetent on account of childhood so far as to determine whether the witness shall be allowed to testify. Although after a preliminary examination the court may hold a child competent to testify, the credibility of witnesses is for the jury, and in determining whether or not they will credit the testimony of such witnesses, the age of the witness and his or her understanding or lack of understanding as to the nature of an oath as developed on the examination by the court before them are matters for the jury." The third and last sentences of this charge are quoted from *Frasier* v. *State,* 143 *Ga.* 322 (5) (85 S. E. 124). The first sentence is a restatement of Code § 38-1601. The second sentence is found in Code § 38-1607. The substance of the third sentence is also to be found in *Young* v. *State,* 122 *Ga.* 725 (50 S. E. 996), in which case it is further held as follows: "The jury also had the right to hear the test as to her competency; and while the judge may have been satisfied prima facie that she was competent, the jury at last were the judges of whether they would credit her testimony or not, after hearing her examined concerning her knowledge of the nature of an oath." "It has been held that the jury who see the child are the best judges as to whether her testimony is entitled to credit." *Warthen* v. *State,* 11 *Ga. App.* 151 (74 S. E. 894); *Young* v.

*State,* 72 *Ga. App.* 811 (35 S. E. 2d, 321). That the court may, of his own volition, propound questions to the witness for the purpose of eliciting the truth is well established. *Johnson* v. *Leffler Co.,* 122 *Ga.* 670 (7) (50 S. E. 488); *Bank of Commerce* v. *First National Bank of Ocilla,* 32 *Ga. App.* 410 (2) (123 S. E. 736); *Nelms* v. *State,* 18 *Ga. App.* 92 (3) (88 S. E. 917). The question of competency is largely within the discretion of the trial court, and his decision on this matter will not be reversed unless it appears to be a manifest abuse thereof. *Gordon* v. *State,* 186 *Ga.* 615 (198 S. E. 678); *Bell* v. *State,* 164 *Ga.* 292 (2) (138 S. E. 238.) A child over fourteen is presumed competent to testify, but to hold that this presumption is so conclusive that the court is inhibited from examining the witness on this point unless objection has been specifically made on one of the grounds stated in Code § 38-1607 would be to circumscribe the authority of the court to elicit the truth, and would seriously impede the administration of justice. Chronological age and mental age do not necessarily correspond. Some children well under the age of 14 are more mentally developed than others who, like the witness here, have just passed that age. The witnesses are before the trial court and under his observation. The trial court here did not abuse his discretion by refusing to take the qualifications of this witness for granted. The court had a right to examine these witnesses in the presence of the jury. It was proper for the jury to hear the examination and apply the evidence thus heard upon the issue of credibility.

That part of the court's charge complained of in ground 4 of the amended motion for a new trial is as follows: "The court must by examination decide upon the capacity of one offered as a witness and objected to as incompetent on account of childhood so far as to determine whether the witness shall be allowed to testify" appears to have been taken from headnote three of *Frasier* v. *State,* supra, and while correct as an abstract principle of law not in all particulars adjustable to the facts in this case, as the witnesses were here not objected to as incompetent. The tenor of our holding is, however, that the court *must* make this examination as pointed out in *Frasier* v. *State,* supra, where the witness is objected to, and he *may* do it of his own volition where he wishes to satisfy himself as to the competency of the

witness, although no objection has been interposed. The charge, although not entirely adjustable to the facts here, was therefore not so incorrect as to confuse or mislead the jury.

The first, second and fourth grounds of the amended motion for a new trial are without merit.

■ The third ground of the amended motion for a new trial points out that upon the cross-examination of Diane Sharple, a witness for the State nine years of age, counsel for the defendant asked, "Diane, you have heard your grandmother tell about. . ." At this point the solicitor general objected on the ground that anything the grandmother said would be hearsay, whereupon counsel for the defendant stated that he intended to show that the grandmother was a frequent visitor in the witness' home; that she was a Syrian Arab and talked incessantly about brutalities inflicted upon Syrian or Arab children by Jews, and that as a result of these conversations the witness had been imbued with false beliefs of the viciousness of Jews, all of which would go to her credibility, and more especially so in view of her tender years. The objection was sustained and counsel was not allowed to proceed with this line of questioning. Upon this ruling he assigns error, contending that, especially when dealing with a young child, the only way in which he could bring the question of credibility before the jury was to show this hostility, perhaps unrecognized, upon her part, by showing the environment in which she lived. Counsel also stated that he expected to prove that the witness' mother often silenced the grandmother when she began her tales of atrocities in Lebanon. Had such testimony been admitted, presumably the way would then be open for inquiry as to whether the prejudices were shared by the child's parents, and, if not, what effect all this range of opinion might have upon the child's reactions. On such a subject, undoubtedly, the expert testimony of psychologists would be interesting and conflicting.

However, the testimony was inadmissible for the reason that the proper foundation had not been laid. Nothing in the record positively establishes that the defendant is a Jew, or that the witness regarded him as a Jew. Assuming that he was, and that this was known to the witness, it was not established that the witness had any feeling of hostility or dislike for him previously

to the occasion as to which she testified. The general rule is that a witness may be interrogated as to the state of his or her feelings towards one of the parties. If the witness denies having ill feelings, further examination may be conducted for purposes of impeachment by proving that ill feelings do in fact exist. If, however, the witness admits a feeling of dislike or hostility toward the defendant, or the opposite party, it is not competent to inquire into the cause thereof, and specific details of particular transactions and conversations should be excluded. See *Robinson* v. *Murray,* 198 *Ga.* 690 (6) (32 S. E. 2d, 496); *Conyers* v. *Field,* 61 *Ga.* 258; *Patman* v. *State,* 61 *Ga.* 380; *Bishop* v. *State,* 9 *Ga.* 121; *Walker* v. *State,* 74 *Ga. App.* 48 (39 S. E. 2d, 75). The young witness was not questioned as to her feelings toward the defendant, and consequently the context of conversations overheard by her were not admissible to determine the cause or extent of her feelings. Counsel was admittedly at a disadvantage in dealing with a young child whose replies to such questions might be far from satisfactory, but until it was established whether or not she admitted to a feeling of fear or hostility toward the defendant he certainly could not go into the emotional reactions and prejudices of persons in no way connected with the issues of the case. This ground is also without merit.

The evidence, construed in its light most favorable to support the verdict, authorized the jury to find that the defendant took the child, on the pretext of looking for a box, through the back entrance of the store into his bedroom, that he placed her on the bed, and there molested her in the legal sense of the term. The general grounds of the motion for a new trial are without merit.

The trial court did not err in overruling the motion for a new trial as amended.

*Judgment affirmed.* *MacIntyre, P.J., and Gardner, J., concur.*