## 5723. HAVERTY FURNITURE CO. *v.* CALHOUN.

1. The rule that "a defense established by the positive and uncontradicted testimony of unimpeached witnesses can not lawfully be arbitrarily disregarded" does not mean that the jury are obliged to believe testimony which they in fact discredit, but means that they are to consider the testimony of every witness who is sworn, and not arbitrarily disregard the testimony of any witness on account of his employment, business affiliations, or environment; and it does not require the jury to believe testimony which is purely opinionative. As to opinionative evidence the opinion of the jury at last is conclusive.
2. The evidence authorized the verdict in favor of the plaintiff, and the judge of the superior court did not err in overruling the certiorari.

DECIDED JANUARY 20, 1915.

Certiorari; from Fulton superior court—Judge Bell. November 17, 1913.

*Daniel MacDougald,* for plaintiff in error.
*Gober & Jackson,* contra.

RUSSELL, C. J. This was a suit in a justice's court, to recover $85 which the plaintiff had paid in various sums to the defendant company on an account for certain household furniture. The jury rendered a verdict in her favor, the defendant sued out certiorari, and exception is taken to the judgment overruling the certiorari. The case presents no novel feature, either as to the facts or the law. There are various assignments of error in the petition for certiorari, but in the brief of counsel for the plaintiff in error the only exceptions insisted upon are that the verdict is contrary to law and to the evidence, and that the jury totally disregarded evidence introduced by the defendant, to the effect that the reasonable value of the use of the furniture purchased by the plaintiff amounted to $80, and that as this evidence was uncontradicted, the jury should not in any event have found a verdict for the plaintiff in excess of $5. The plaintiff in error relies on the general rule stated in the case of *Western & Atlantic Railroad Co.* v. *Beason,* 112 Ga. 553 (37 S. E. 863), that "a defense established by the positive and uncontradicted testimony of unimpeached witnesses can not lawfully be arbitrarily disregarded." It is to be borne in mind that in this statement of the Supreme Court the use of the word "arbitrarily," to qualify the word disregarded, was not fortuitous. And since it is plain, from the evidence as a whole, that the furniture company in the present case was endeavoring to get both the furniture and the money (a state of facts similar to that disclosed

by the record in *Rhodes & Son Furniture Co.* v. *Freeman, 2 Ga. App.* 473, 58 S. E. 696, and *Rhodes & Son Furniture Co.* v. *Jenkins, 2 Ga. App.* 475, 58 S. E. 897), and especially in view of the fact that the evidence in regard to the kind and value of the furniture during the time it was in the possession of the plaintiff was purely opinionative, we are not prepared to say that the learned judge of the superior court was required to find that the jury did "arbitrarily" disregard any evidence in the case. The Supreme Court, in its ruling in the *Beason* case, quoted above, did not assume to invade the province of the jury or to curtail its prerogative, but meant only to say that a jury should not captiously dismiss from its consideration or capriciously impeach the testimony of any witness on account of his business, or employment, or surroundings. It has never been held, and never can be held, that it is not within the power of a jury, after considering testimony of a particular witness, to disbelieve it, either from his appearance or his demeanor or manner upon the stand, or from the inherent nature of the facts testified to by him, although it be uncontradicted. In *Brunswick & Western Railroad Co.* v. *Wiggins,* 113 *Ga.* 842 (39 S. E. 551, 61 L. R. A. 513), the rule stated in *Western & Atlantic Railroad Co.* v. *Beason,* supra, was explained, and Justice Little, delivering the opinion of the court and ruling upon the refusal to charge the jury that the evidence of persons in the employment of a railroad company, in the absence of anything to discredit or contradict such evidence, can not be arbitrarily disregarded, said: "Undoubtedly this is a sound proposition of law. The jury can not arbitrarily disregard the evidence of any witness, which is not contradicted or discredited by other evidence or circumstances. The jury should regard the testimony of every witness sworn. They are not obliged to believe it, but it is their duty to give to the evidence of witnesses the weight to which, in their opinion as conscientious men seeking after the truth, they believe it is entitled; but the employment or business of a witness affords no reason why his evidence should arbitrarily or without reason be disregarded." See also *Western & Atlantic Railroad Co.* v. *Robinson,* 114 *Ga.* 159 (39 S. E. 950); *White* v. *Southern Railway Co.,* 123. *Ga.* 353, 358, 360 (51 S. E. 411); *Rylander* v. *Allen,* 125 *Ga.* 206, 214 (53 S. E. 1032); *McBride* v. *Georgia Railway & Electric Co.,* 125 *Ga.* 515, 517 (54 S. E. 674).

The evidence disclosed that in the first contract the plaintiff purchased $260.48 worth of household furniture, which was delivered to her, and upon which she made a payment by the delivery of a cabinet of hers. In this purchase there was no retention of the title; and without this, when the furniture was delivered to the plaintiff, it became her absolute property, though she was a debtor of the former owner. After she had made several payments, and during her absence from the city, without legal process, so far as appears from the record, the property was seized by agents of the furniture company and conveyed to its warehouse. Upon her return to the city they agreed to deliver to her certain similar articles of furniture, but it appears, from uncontradicted evidence, that instead of receiving four chairs of the kind purchased in the first contract, she received only one chair in the second purchase, and the total value of the articles to be received by her in the second contract (in which the title was reserved by the furniture company) was only $200.48, instead of $260.48. In view of all the circumstances in the case, we can not say the jury were not authorized, under the facts, to disregard the testimony of the defendant's witness as to the set-off in its favor, as they were entitled under the law to disregard it if this opinionative evidence did not accord with the jury's opinion as to value, for the criterion by which the value of opinionative evidence is at last determined is the opinion of the jury upon the facts stated. *Minchew* v. *Nahunta Lumber Co.,* 5 *Ga. App.* 154 (62 S. E. 716); *Martin* v. *Martin,* 135 *Ga.* 162 (68 S. E. 1095).

*Judgment affirmed. Broyles, J., not presiding.*