# CHARLESTON.

W. A. Scott v. Mercer Garage Company.

Submitted February 15, 1921.   Decided March 1, 1921.

BAILMENT—*Lien for Repair is Subordinate to Purchase Money Lien.*

> The common-law lien of a mechanic for repairs on a chattel in his possession is subordinate to the lien of a former owner of the chattel who in his contract of sale reserved the title as security for unpaid purchase money, duly recorded as provided by section 3 of chapter 74 of the Code, unless by the terms of the contract or by the subsequent conduct of the seller he has given express or implied authority to the vendee to keep the property in repair.

Error to Circuit Court, Mercer County.

Detinue by W. A. Scott against the Mercer Garage & Auto Sales Company. Judgment for defendant, and plaintiff brings error.

*Reversed and remanded.*

*Sexton & Roberts,* for plaintiff in error.
*Arthur F. Kingdon,* for defendant in error.

MILLER, JUDGE:

In this action of detinue, begun in the circuit court of

Mercer County, and there determined adversely to plaintiff, upon agreed facts submitted to the court in lieu of a jury, the question is now presented for our decision, whether the common-law lien of the defendant company for repairs upon an automobile, done in December 1916, and for the payment of which it was detaining said machine, is, as the circuit court held, superior and paramount to that of the plaintiff for the purchase money thereof represented by notes, for which in his written contract of sale he retained the title thereto, duly recorded in the clerk's office of the said county, prior to the delivery thereof to the defendant by Mary L. Holley, or her husband, the purchaser thereof, for the purpose of such repairs.

The contract of sale, made a part of the agreement of facts, after describing the parties and reciting the consideration, seven hundred and fifty dollars, one hundred and fifty dollars whereof is acknowledged as paid, and the balance, six hundred dollars, represented by twelve negotiable notes of fifty dollars each, payable one each month with interest, for the period of twelve months, further provides: "The title to the above mentioned Automobile is reserved to the party of the first part until all of said purchase money notes are fully paid." Another provision of the contract is: "It is further understood and agreed between the parties hereto that in the event the party of the second part shall fail to discharge any two of said notes as they fall due, and any two or more of said notes shall be due at the same time, then the party of the first part shall have the right, or option, if he so desires, to retake possession of said automobile, in the event the said party of the first part cannot otherwise collect said notes."

The facts agreed show that plaintiff did not know said car was out of the possession of the purchaser and in possesion of defendant until some time in 1918, but believed it to be in his possession; that four of the purchase money notes had been paid, but that the remainder being unpaid, suit was brought thereon by plaintiff, judgment taken therefor against maker and endorser in May 1918, for $410.92 and costs, and

every legal remedy available was taken to collect the same, without avail; and that thereafter demand for the possession of the said automobile was made by plaintiff upon defendant, which being refused, this suit was brought to obtain possession thereof.

We recognize the fact that we are presented a clear case of a common-law lien of a repairman in possession of the chattel, holding it as security for labor and material expended upon it. But we also emphasize the fact that plaintiff is the vendor thereof with recorded reservation of title, held as security for the purchase money, giving notice to creditors of and purchasers from the vendee, the mortgagor. This lien was good at common law without notice, but by section 3 of chapter 74 of the Code, such lien for purchase money is lost without recorded notice thereof as therein provided. There is nothing in the equities of the case now before us which should allow the subsequent lien to supplant the prior lien of the vendor. The defendant no doubt acquired a common-law lien on the chattel for the amount of the repairs, but was it not subordinate to that of plaintiff for purchase money? Plaintiff furnished the automobile, practically new, with all the material and labor bestowed upon it to make it a valuable machine, and there is nothing in the provisions of the contract of sale implying authority in the purchaser to incumber the property, voluntarily or involuntarily, in such a way as to supersede the prior lien for purchase money. The instrument so reserving title of a chattel partakes of the nature of a mortgage, the vendor being mortgagee, the vendee the mortgagor. As a general rule, say all the authorities, a mortgagor can not create a lien upon the property to take precedence over his recorded mortgage. Jones on Chattel Mortgages, §472. This authority says: "An agreement which will defeat the purpose of the transaction should not be inferred or implied against a mortgagee without very cogent evidence." Following the general rule referred to we find directly in point the case of *Denison* v. *Shuler,* 46 Mich. 598, 41 Am. Rep. 734, opinion by Graves, C. J., holding that a mechanics' lien for repairs is subordinate

to a prior duly recorded mortgage thereon for the purchase money. This case involved repairs on a steam engine which was then in the possession of the defendants, the mechanics, and held by them for the repair bill of $185.86. The court, referring to the fact that the plaintiff had furnished the machine, says: "The repairers did less. Their expenditure was comparatively small, and they acted in making it under circumstances which should charge them with notice of Plaintiff's prior lien. Why should their claim be preferred?"

What was said by Chief Justice Marshall, in *Rankin* v. *Scott,* 12 Wheat. 177, 179, referred to by the Michigan court, is as applicable here as in that case, namely, that a prior lien gives a prior claim, which is entitled to prior satisfaction of the subject it binds, unless the lien be intrinsically defective, or be displaced by some act of the party holding it, which shall postpone him in a court of law or equity to a subsequent claimant.

The comparatively recent case of *Shaw* v. *Webb,* 131 Tenn. 173, involved the lien of a repairer of an automobile, first a common-law lien lost by surrender of possession, but for which the statute also gave him a lien. In that case the court in a well considered opinion, which reviews many of the decisions and analyzes them, held that the lien given by statute was subordinate to the lien of the vendor of the chattel reserved to secure the payment of the purchase money notes, and that if the vendor intended to subordinate his lien to that of the mechanic for repairs, it should be manifested in the contract, (in that case in the purchase money notes), in which the title was reserved to secure the payment thereof, else the notes would be deprived of a considerable element of marketability. In *Baughman Automobile Company* v. *Emanuel,* 137 Ga. 354, the common-law lien of the repairer of an automobile was held to be subordinate to the rights of the vendor in his title retained to secure the purchase money. In that case it appears that the lien claimant had notice of the rights of the conditional vendor. Here our recording statute was the

legal equivalent, for it gave defendant record or constructive notice binding him.

An examination of the cases apparently in conflict with those cited and others that might be referred to, unless it be those of New Jersey constituting an exception, will show that wherever such common-law lien has been allowed to supersede a lien reserved by the vendor of the chattel, the courts have attempted at least to refer their conclusions to some actual or implied authority of the vendor or mortgagee to have the chattel kept in repair. An illustration is the case of *Hammond* v. *Danielson,* 126 Mass. 294, involving a mortgage of a hack described as "let for hire", and "now in use." From which authority was implied in the mortgagor to keep the vehicle in repair. And in accordance with this class of cases, it was sought in the present case to imply authority in the vendee to cause the automobile to be repaired, because of the fact that plaintiff knew that the purchaser intended to use the machine on some occasions to carry passengers for hire. No such authority was given in the recorded contract. May he not stand on that, if he has done nothing in the meantime to deprive him of his rights? The facts agreed show nothing justifying any such implied authority.

For the reasons aforesaid, we are of opinion that plaintiff is entitled to recover possession of the property sued for, and that the judgment below must be reversed. But as the facts agreed do not include the value of the property, and the court made no finding thereon, before a final judgment the value of the property must be ascertained as provided by section 6 of chapter 102 of the Code.

We, therefore, reverse the judgment and remand the case to the circuit court, with direction by proper proceedings to ascertain the value of the property and give judgment for the plaintiff for possession thereof, if possession thereof can be had, if not for the value thereof, with costs according to law.

*Reversed and remanded.*