# CHARLESTON.

COMMERCIAL CREDIT COMPANY *v*. ED OAKLEY, *trading as Logan Garage Co.*

(No. C. C. 390)

Submitted February 1, 1927.    Decided February 22, 1927.

MECHANICS' LIENS—*Mechanic's Lien for Repairs is Subordinate to Vendor's Lien in Recorded Conditional Sale Contract, Unless Buyer Has Authority to Have Property Repaired (Uniform Conditional Sales Act, §§ 4, 5; Code, c. 74, § 3; Acts 1925, c. 14).*

Under the Uniform Conditional Sales Act the common law lien of a mechanic for repairs on a chattel in his possession is subordinate to the lien of the vendor in a conditional sale contract (duly recorded), reserving title as security for unpaid purchase money, unless by the terms of the contract or the conduct of the vendor the vendee is given express or implied authority to keep the property in repair.

(Bailments, 6 C. J. § 90.)

Detinue by the Commercial Credit Company against Ed Oakley, trading as the Logan Garage Company. After sustaining a demurrer to defendant's special plea, the court certified its ruling under Code, c. 135, § 1.

*Affirmed.*

*Chafin & Estep,* for defendant.

LITZ, JUDGE:

Max Biederman sold and delivered an automobile to W. S. King under a conditional sale contract (duly recorded), reserving title to secure the unpaid purchase money; and later transferred his rights in the contract to the plaintiff. King sold the car to White, who left it with the defendant for repairs. The purchase money under the original sale not having been paid, the plaintiff demanded possession of the car, in accordance with the terms of the contract. Defendant refused delivery to the plaintiff until his bill for repairs, amounting to $111.90, was paid. Plaintiff then instituted this action in detinue to recover possession. The circuit court

having sustained a demurrer to the defendant's special plea, setting up his common law lien for repairs as superior to the rights of plaintiff under the conditional sale contract, certified its ruling under Section 1, Chapter 135, Code.

In *Scott* v. *Garage Co.*, 88 W. Va. 92, this Court held:

> "The common law lien of a mechanic for repairs on a chattel in his possession is subordinate to the lien of a former owner of the chattel who in his contract of sale reserved the title as security for unpaid purchase money, duly recorded as provided by Section 3 of Chapter 74 of the Code, unless by the terms of the contract or by the subsequent conduct of the seller he has given express or implied authority to the vendee to keep the property in repair."

Without questioning the decision in that case, the defendant contends that the Uniform Conditional Sales Law, (Chapter 75 Acts 1921, Chapter 99-A Code), should be construed as giving priority to the repairman over the conditional vendor. As noted in the *Scott* case, the lien of the conditional vendor is good at common law without recordation. Section 3 of Chapter 74 requires the contract to be recorded in the county wherein the property is, to protect the lien against creditors of, and purchasers without notice from, the buyer. Under Sections 4 and 5 of Chapter 99-A every provision in a conditional sale reserving property in the seller after possession of the goods is delivered to the buyer, shall be valid (without recordation of the contract) as to any person except purchasers from, or creditors of, the buyer, who without notice of such provision purchases the goods or acquires by attachment or levy a lien thereon. As said in Bogert Uniform Laws Anno., Vol. 2-A, p. 84, it is very clear what classes of creditors are intended to be protected under the Uniform Conditional Sales Act. They are those who acquire a lien on the goods in a particular way, namely, by attachment or levy, and they must have acquired the lien without notice of the fact that the buyer held the goods on conditional sale, and also prior to the recording of the contract as provided in the act.

The claim of the repairman, therefore, seems to have been weakened rather than strengthened by the enactment of the Uniform Conditional Sales Act, which repeals all inconsistent statutes. Adherence to the ruling in the *Scott* case should not, however, work a hardship upon a mechanic repairing an automobile, as he may, before performing the service, require the ostensible owner to produce a certificate of title, issued by the State Road Commission under Chapter 14, Acts 1925, showing the liens and encumbrances on the car.

The ruling of the circuit court will be

*Affirmed.*