20067: SEABOARD AIR-LINE RAILWAY CO *v.* D'AVIGNON.

DECIDED MARCH 5, 1930. REHEARING DENIED MARCH 1, 1930.

*W. W. Dykes,* for plaintiff in error.
*J. A. Hixon, Hollis Fort,* contra.

BROYLES, C. J. 1. Under the safety-appliance acts of Congress, there is imposed on common carriers, while engaged in interstate commerce, an *absolute* duty to provide, and to keep in proper condition at all times and under all circumstances, the safety appliances specified in the acts; and where a carrier fails in the performance of that duty, it can not escape liability by show-

ing that it had exercised reasonable care and diligence in providing and maintaining the safety appliances (St. Louis &c. Ry. Co. v. Taylor, 210 U. S. 281, 28 Sup. Ct. 616, 52 L. ed. 1061; Chicago &c. Ry. Co. v. United States, 220 U. S. 559, 31 Sup. Ct. 612, 55 L. ed. 582; Delk v. St. Louis &c. R. Co., 220 U. S. 580, 31 Sup. Ct. 617, 55 L. ed. 590); or, since the amendment to the safety-appliance act by the act of April 22, 1908 (c. 149, 35 Stat. 65), that contributory negligence on the part of the injured employee was the proximate cause of the injury. Delk v. St. Louis &c. R. Co., supra; Schlemmer v. Buffalo &c. Ry. Co., 220 U. S. 590 (31 Sup. Ct. 561, 55 L. ed. 596); Grand Trunk Western Ry. v. Lindsay, 233 U. S. 42 (34 Sup. 581, 58 L. ed. 838, Ann. Cas. 1914C, 168).

2. "The safety-appliance acts of March 2, 1893, c. 196 (27 Stat. 531), April 1, 1896, c. 87 (29 Stat. 85), March 2, 1903, c. 976 (32 Stat. 943), took away from the carrier the defense of assumption of risk by the employee." Schlemmer v. Buffalo &c. Ry. Co., supra; Texas & Pacific Ry. Co. v. Rigsby, 241 U. S. 33 (36 Sup. Ct. 482, 60 L. ed. 874).

3. Under section 2 of the Federal boiler-inspection act of February 17, 1911 (36 Stat. 913), as amended March 4, 1915 (38 Stat. 1192), the carrier's duty to have the boiler in safe condition is absolute and continuing, and where a breach of this duty is a contributing cause of injury of an employee, "the carrier is liable under this act, and the employer's liability act, whether or not it had notice, actual or constructive, that the boiler was defective or unsafe." Baltimore & Ohio R. Co. v. Groeger, 266 U. S. 521 (45 Sup. Ct. 169, 69 L. ed. 419).

(a) The boiler-inspection act as amended covers not only boilers, but the "other parts of locomotives, their tenders and appurtenances." Baltimore & Ohio R. Co. v. Groeger, supra; Johnson v. Southern Pacific Co., 196 U. S. 1 (25 Sup. Ct. 158, 49 L. ed. 363); Hines v. Smith, 275 Fed. 766. Under this ruling, the "tank-sill," the "draw-bar," and the "draw-bar pin" in the instant case were appurtenances to the tender of the engine in question.

4. It follows, from the above-stated rulings, that in a suit by an employee for personal injuries, based upon an alleged violation of a safety-appliance act, the only defense that an interstate

carrier can make is that proper appliances were provided and were maintained in good condition, or that the defective appliance was not a contributing cause of the injury of the employee.

5. The evidence in the instant case demanded a finding that the defendant had failed to provide, or to keep in proper condition, one or more of the safety-appliances required by the acts of Congress, and that such failure contributed to the plaintiff's injuries. The carrier was not relieved from liability because the employee was injured while upon a defective car which was being hauled to the nearest available point for repair. Great Northern Ry. Co. v. Otos, 239 U. S. 349 (36 Sup. Ct. 124, 60 L. ed. 322); Texas & Pacific Ry. Co. v. Rigsby, supra.

6. "A charge to the jury which instructs them that the master is bound to exercise ordinary care to provide a safe place for the use of his servant, and which fails to qualify the word 'safe' by the word 'reasonably,' is inaccurate. Where, however, the evidence of the negligence of the master in this particular is clear and convincing, the omission of the qualifying word is not reversible error." Eagle Mills v. Moncrief, 17 Ga. App. 10 (86 S. E. 260).

7. This is the third appearance of this case before this court. It was first brought here by the carrier on exceptions to the overruling of a demurrer to the petition, and it was held that the petition set out a cause of action. 38 Ga. App. 96 (142 S. E. 760). The first trial resulted in a verdict for the plaintiff, and the judgment was reversed because of the failure of the proof to sustain the allegation of the petition that the defendant's train, at the time of the infliction of the injuries sued for, was engaged in interstate commerce. It was also held that the court inaccurately stated some of the contentions of the plaintiff (as set forth in special ground 10 of the motion for a new trial), and Judge Luke, speaking for this court, said: "There is merit in ground 10 of the motion. Upon the next trial the charge should accord more precisely with the allegations of the petition as to the manner in which the plaintiff was injured." 39 Ga. App. 111 (146 S. E. 518). This court, however, did not hold that the charge was reversible error. Upon the trial now under review the judge pro hac vice made the same mistake in his charge, which, of course, under the law of the case, was error. However, under

all the facts of the case, that error does not require a reversal of the judgment.

8. Under the pleadings and the evidence the plaintiff was entitled to a recovery; and this court can not hold that the amount of the verdict ($12,000) was excessive, or that any of the special grounds of the motion for a new trial show reversible error. The court did not err in refusing to grant a new trial.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

### ON MOTION FOR REHEARING.

BROYLES, C. J. 1. It is insisted by counsel for movant in the first ground of the motion for a rehearing that the testimony of certain witnesses for the railroad company showed that there was no causal connection between the alleged negligence of the company and the injuries sued for, and that such testimony was not rebutted nor contradicted by any other evidence adduced, and, therefore, was controlling on the question. We can not agree with this contention.

Much of the testimony referred to was opinionative, and while the testimony of those witnesses may not have been expressly and directly contradicted by any other witness, yet there were certain physical facts and other circumstances, and the direct testimony of other witnesses, that amounted to a denial of the testimony of the defendant's witnesses and was sufficient to authorize the jury to find that there was a causal connection between the defendant's negligence and the plaintiff's injuries. Moreover, while it is well settled that a jury can not legally arbitrarily disregard the testimony of a witness on account of his employment by a defendant railroad company, yet "it has never been held, and never can be held, that it is not within the power of a jury, after considering testimony of a particular witness, to disbelieve it, either from his appearance or his demeanor or manner upon the stand, or from the inherent nature of the facts testified to by him, *although it be uncontradicted* (italics ours.)" *Haverty Furniture Co.* v. *Calhoun*, 15 *Ga. App.* 620, 621 (84 S. E. 138).

2. The remaining grounds of the motion show no cause for a rehearing of the case.

*Rehearing denied. Luke and Bloodworth, JJ., concur.*