42523. ROYAL INDEMNITY COMPANY et al.
v. MANLEY.

SUBMITTED JANUARY 10, 1967—DECIDED FEBRUARY 17, 1967.

*Swift, Currie, McGhee & Hiers, James B. Hiers, Jr.,* for appellants.

*George & George, William V. George,* for appellee.

QUILLIAN, Judge. 1. When a claimant is disabled as the result of an accident which arose out of and in the course of his employment, the fact that he also has some disability resulting from a subsequent noncompensable accident will not deprive him of compensation benefits. *Employers Mut. &c. Ins. Co. v. Dyer,* 108 Ga. App. 623 (134 SE2d 49). However, under these circumstances, for the claimant to be entitled to total

disability benefits, that portion of his disability resulting from the compensable injury must be sufficient to prevent him from engaging in any gainful employment.

In the case sub judice, the evidence was in conflict as to the claimant's condition and whether his disability was the result of the compensable or the noncompensable accident.

Two findings of fact in the award state: "(1)  I find further that claimant's present disability is not due totally to the May 29, 1964, accident and injury, but is due in part to the injury received in November of 1964, which was not attributable to his employment. . . (2)  The full board finds as a matter of fact that the claimant has not undergone a change in condition."

While these two quoted findings of fact seem inconsistent, "legal precision and nicety are not to be insisted upon in the findings of fact of the Board of Workmen's Compensation, and, after the award, that construction of the findings which would render the judgment valid should be adopted in preference to a construction which would render such judgment invalid, where such construction is reasonable and can fairly be applied." *Maryland Cas. Corp. v. Mitchell,* 83 Ga. App. 99 (3) (62 SE2d 415). The burden of proof was on the employer. The finding of fact stating that there had been no change in condition was tantamount to a determination that the portion of the claimant's disability which resulted from the compensable injury was sufficient to prevent his return to gainful employment.

There being some evidence to support the award of the State Board of Workmen's Compensation, the ruling of the superior court was not error.

*Judgment affirmed. Frankum, P. J., and Deen, J., concur.*