## 44050. YOUNG v. REESE.

PANNELL, Judge. A father and a son were defendants in an action seeking recovery for the death of the son of plaintiff as the result of the wrecking of a Chevrolet automobile in which plaintiff's son was a passenger driven by James F. Young, III, the son defendant, allegedly furnished and maintained by his father, James F. Young, Jr., as a family automobile and which allegedly had defective brakes and tires known to the father and the wreck allegedly occurring on a rainy day as the result of the negligent driving of the defendant son and the negligence of the defendant father in furnishing a car for the son's use with defective brakes and tires. The trial resulted in a verdict for the plaintiff against both

defendants. The case was tried pending the appeals to this court from the overruling of the motions to dismiss the complaint and other rulings. Only two basic questions are presented by the enumeration of errors: (1) whether the trial court erred in proceeding with the trial of the case pending the appeals; and (2) whether the evidence was sufficient to authorize a verdict against the defendant father. *Held:*

1. Prior to the Appellate Practice Act, a bill of exceptions, when filed, operated as a supersedeas upon the plaintiff in error paying all cost and (a) giving bond for the eventual condemnation money, or (b) filing a poverty affidavit with the court. (Code of 1933, § 6-1002). Under this statute, it was within the discretion of the trial judge whether the trial be held or delayed pending an appeal from the overruling of a general demurrer, as the provisions for supersedeas "apparently refer to cases where a judgment has been rendered in favor of one party against the other, such as a money judgment, a judgment for the recovery of property, for specific performance, or some other judgment determining the case, or where there is an execution which may proceed against property. . . . The language employed seems inapplicable to a case where a demurrer is overruled and exception is taken to that ruling." *Massachusetts Bonding Co. v. Realty Trust Co.,* 139 Ga. 180, 186 (77 SE 86). Section 8 of the Appellate Practice Act (§ 6-1002 of the Code of 1933 was repealed by that Act) contains similar provisions and we find nothing in that Act to change this view of the legislative intent. We therefore hold that the trial court did not err in proceeding with the trial of the case pending the two appeals.

2. Since the Acts of 1866 and 1890-1891 (Ga. L. 1866, pp. 138, 139; Ga. L. 1890-1891, p. 107; *Code* § 38-1603) which changed the common law and permitted parties to the case to testify in their own behalf, the Supreme Court of this State has consistently held that the jury do not have to believe a party to the case, but are the sole judges of the party's credibility as a witness, particularly where there are circumstances inconsistent with the truth of the party's testimony. See *Laramore v. Minish,* 43 Ga. 282, 287; *Penny v. Vincent,* 49 Ga. 473, 475; and *Bell v. Proctor,* 212 Ga. 325, 327 (92 SE2d 514), citing *Amis v. Cameron,* 55 Ga. 449 (3), and holding "that, where witnesses are parties to the suit, whatever may be their numbers, opportunities, or means of infor-

mation, the jury are the judges of the degree in which their interest affects their credibility." See also *Hinchcliffe v. Pinson,* 87 Ga. App. 526 (74 SE2d 497); *Armstrong v. Ballew,* 118 Ga. 168 (2) (44 SE 996).

3. Where, as in the present case, the defendant son's testimony, if believed, together with the fact that the license tag was in the son's name, would have authorized a finding that he purchased the Chevrolet from his own earnings with the aid of his mother's endorsement on his note, and assuming, but not deciding, if standing unimpeached and uncontradicted, this testimony may have demanded a finding that the defendant father did not own the Chevrolet and did not furnish it for the pleasure and comfort of his family; yet, when considered in connection with the testimony of the father, who, when called by the plaintiff for the purpose of cross examination, testified that he had authorized an insurance agent to sign his name to an application for liability insurance in the father's behalf, in which application it was recited that the father owned the Chevrolet, that it was used for pleasure and business, and that the son, the mother and the father would drive the automobile, and ratified this application at the trial, and it appears that the father did not testify in his own behalf and did not deny ownership of the Chevrolet automobile, we can not say as a matter of law a finding against the father was unauthorized as to his ownership, or his furnishing the Chevrolet automobile for the pleasure and use of his family, including the defendant son, under the family-car doctrine.

4. The evidence was amply sufficient to show the gross negligence of the defendants as alleged. *Hennon v. Hardin,* 78 Ga. App. 81, 83 (50 SE2d 236); *Moore v. Bryan,* 52 Ga. App. 272, 282 (183 SE 117); *Frank v. Horovitz,* 52 Ga. App. 651, 655 (183 SE 835); *Ragsdale v. Love,* 50 Ga. App. 900 (2) (178 SE 755); *Kimberly v. Reed,* 79 Ga. App. 137 (53 SE2d 208).

Accordingly, the trial court did not err in refusing to. direct a verdict for the defendant father, or in entering a judgment on the verdict, or in overruling the motion for judgment notwithstanding the verdict.

*Judgment affirmed. Jordan, P. J., and Deen, J., concur.*

ARGUED NOVEMBER 6, 1968—DECIDED JANUARY 21, 1969—
REHEARING DENIED FEBRUARY 12, 1969.

*Robert E. Knox, Fulcher, Fulcher, Hagler, Harper & Reed, E. D. Fulcher, A. Montague Miller,* for appellant.
*Randall Evans, Jr.,* for appellee.