43994. GENERAL MOTORS CORPORATION v. MARTIN.

EBERHARDT, Judge. 1. An order of the superior court remanding an appeal from the Workmen's Compensation Board to the board for further findings of fact is an appealable judgment. *American Mut. Liab. Ins. Co. v. Kent,* 197 Ga. 733 (30 SE2d 599). As the Supreme Court points out, the order remanding was the equivalent of setting aside the finding and award of the board, and, further, the superior court lost jurisdiction upon the entering of its order.[1] Because the prevailing party had then lost the benefit of the judgment gained before the board his right of appeal could not be denied him. Cf. *New Amsterdam Cas. Co. v. McFarley,* 64 Ga. App. 465 (1) (13 SE2d 588); *U. S. Fidelity &c. Co. v. Brown,* 68 Ga. App. 706 (1) (23 SE2d 443).

2. Where a single director made an extensive statement of the evidence and certain findings based thereon, and upon appeal to the full board the statement of the evidence was adopted and there was substituted for the findings the following: "We find as a matter of fact from the evidence that the claimant did not suffer an accident and injury on January 5, 1967, as contended, but that any disability which he has now is a result of the accident and injury sustained in 1958," and upon this finding denied compensation, the findings of fact were

---

[1]It is to be noted that in this order the court did not retain jurisdiction, and this distinguishes the situation here from that in *Martin v. General Motors Corp.,* 224 Ga. 677 (164 SE2d 107).

sufficient for the making of the award. *Lee v. General Acc. Group,* 112 Ga. App. 197 (144 SE2d 457); *Royal Indem. Co. v. Manley,* 115 Ga. App. 259 (154 SE2d 278).

As was stated in *Noles v. Aragon Mills,* 110 Ga. App. 374, 375 (138 SE2d 598), a finding of fact is required to be made under *Code* § 114-707 "in order that the losing party may intelligently prepare his appeal and that the cause may thereupon be intelligently reviewed." Where, as here, there is a finding that the claimant did not suffer an accidental injury on the date claimed, and that any disability which claimant now suffers results from an injury suffered on a previous occasion, there should be no difficulty in preparing an intelligent appeal, or in making an intelligent review.

Thus, where the findings made require the award denying compensation, it "does not require that the case be recommitted or remanded to the board, because the findings made eliminated the necessity of considering" any further findings. *Lee v. General Acc. Group,* 112 Ga. App. 197, supra. If the finding that claimant suffered no accidental injury on the date claimed is supported by any evidence in the record, as it is here, the requiring of other and further findings is but an exercise in futility, for these could not affect or change the finding of no accidental injury, nor could they authorize a change in the award. The law does not require the doing of a vain or useless thing. *Manor v. State,* 223 Ga. 594 (3) (157 SE2d 431); *Ray v. Cobb County Bd. of Educ.,* 110 Ga. App. 258, 264 (138 SE2d 392).

3. While there is evidence in the record which might have supported a contrary finding, this does not authorize either the superior court or this court to set aside the award on appeal. Since we find evidence supporting the findings and the consequent award denying compensation, the superior court committed error in remanding the matter to the board for further findings of fact. The award should have been affirmed.

*Judgment reversed. Felton, C. J., and Whitman, J., concur.*

ARGUED OCTOBER 7, 1968—DECIDED MARCH 4, 1969.

*King & Spalding, R. William Ide, III, Charles M. Shaffer, Jr.,* for appellant.

*Swift, Currie, McGhee & Hiers, Charles L. Drew,* for appellee.