44820. ROPER v. GENERAL MOTORS CORPORATION.

EVANS, Judge. This is a workman's compensation case in which the claimant was denied compensation by a deputy director, by the full board on appeal, and again, on appeal to the superior court. This appeal is from the judgment denying the appeal—the lower court, in effect, affirming the findings of the board, denying compensation. The substance of the appeal is that the board's decision was based upon a misconception of the evidence, and the board failed to find that an

**164**

injury was or was not sustained, that the uncontradicted evidence shows that the claimant suffered a strained back in the same area of his body where he had been previously injured; that there was evidence showing it was promptly reported, and the case should be remanded for findings of disability consistent with the evidence. *Held:*

1. From the tenor and wording of the award, it cannot be said that the deputy director misconstrued or misinterpreted the evidence and applied an incorrect principle of law as was found in *Department of Revenue v. Graham*, 102 Ga. App. 756 (3) (117 SE2d 902) in finding here against the claimant that he had not carried the burden of proving he suffered a compensable accident and injury and in believing instead the evidence of the employer that the employee did not want a job change, had threatened that they would have to send him to a doctor and send him home if he got hurt, did not promptly report the alleged injury and accident or make an issue of it, being well aware of the medical facilities available to him.

2. If there is any evidence to support the findings of fact, and no error of law appears, such findings will not be disturbed on appeal. *Fleming v. Fidelity & Cas. Co. of New York*, 89 Ga. App. 405 (1) (79 SE2d 407); *Rivers v. Travelers Ins. Co.*, 93 Ga. App. 779 (3) (92 SE2d 818).

3. The claimant here swore he was injured on the job and was unable to work. He admitted that he did not like the job transfer, and the evidence shows he did not seek medical attention until some 10 days after the alleged injury. His testimony and that of the foreman are in sharp conflict as to the reporting of the injury. The testimony of the expert— the medical doctor—was that he was suffering from "acute low back strain," but that he could do light work, and that he had advised him to go back to the company doctor for treatment. He was already performing light duty. A labor relations conference was held concerning the transfer to the new job, and it is quite evident from the record that the claimant was not satisfied with the transfer and he did tell the employer that if he got hurt they would have to send him home and to a doctor. Nor was it shown that he went to the company medical facilities at any time during the period after his alleged injury even though his doctor recommended this. The findings of fact were not that he did not

suffer any accident or injury, but that he failed to carry the burden of proving he suffered a *compensable* injury. The testimony of an unimpeached witness must be considered and cannot be arbitrarily disregarded, but this does not mean that the triors of fact are obliged to believe testimony which in fact they discredit. *Haverty Furniture Co. v. Calhoun*, 15 Ga. App. 620 (84 SE 138). Nor do they have to believe the party at interest, but they are the sole judges of credibility, particularly when there are facts and circumstances inconsistent with the party's testimony. *Code* §§ 38-107, 38-1603; *Young v. Reese*, 119 Ga. App. 179 (2) (166 SE2d 420), and cases cited. See also *Bell v. Proctor*, 212 Ga. 325, 327 (92 SE2d 514). The above cases, while applying to jury trials, would likewise control the deputy director, the full board, and the lower court in the consideration of the evidence in this proceeding. Under the facts and circumstances of this case it cannot be said by this court that the deputy director or the full board misconstrued or misinterpreted the evidence and applied an incorrect principle of law. While the author of this opinion might have viewed the evidence otherwise had he been the trior of facts, yet this court cannot render judgment otherwise and reverse and remand the case for further consideration, as requested by appellant. The lower court did not err in denying the appeal.

*Judgment affirmed. Jordan, P. J., and Whitman, J., concur.*

ARGUED OCTOBER 7, 1969—DECIDED FEBRUARY 11, 1970.

*John H. Hawkins, Richard D. Carr, III*, for appellant.
*King & Spalding, R. William Ide, III*, for appellee.