45488. BROWN et al. v. WINGARD et al.

EVANS, Judge. 1. After a verdict, the evidence is construed in its light most favorable to the prevailing party, for every presumption and inference is in favor of the verdict. *Wren v. State,* 57 Ga. App. 641, 644 (196 SE 146); *Southern R. Co. v. Brock,* 132 Ga. 858, 862 (64 SE 1083); *Stapleton v. Amerson,* 96 Ga. App. 471 (5) (100 SE2d 628); *Young Men's Christian Assn. v. Bailey,* 112 Ga. App. 684, 690 (146 SE2d 324); *Boatright v. Rich's, Inc.,* 121 Ga. App. 121 (1) (173 SE2d 232).

2. The testimony of an unimpeached witness should be considered and not arbitrarily disregarded, but this does not mean that the triors of fact are obliged to believe testimony which in fact they discredit. *Haverty Furniture Co. v. Calhoun,* 15 Ga. App. 620 (84 SE 138). Nor do they have to believe the party at interest, but they are the sole judges of credibility, particularly when there are facts and circumstances inconsistent with the party's testimony. *Code* §§ 38-107, 38-1603; *Young v. Reese,* 119 Ga. App. 179 (2) (166 SE2d 420), and cases cited.; *Roper v. General Motors Corp.,* 121 Ga. App. 163 (173 SE2d 240).

3. When a plaintiff offers herself as a witness in her own behalf, her testimony will be construed most strongly against her, if it is vague and uncertain. *Boatright v. Rich's, Inc.,* 121 Ga. App. 121, 123, supra; *Southern R. Co. v. Hobbs,* 121 Ga. 428 (1) (49 SE 294).

4. While the evidence here was sufficient to authorize a verdict for at least nominal damages, nevertheless the jury was authorized from its examination of all the evidence to find, as it did, that the evidence was insufficient to show that the appellant had suffered any injury, there being doubtful evidence that she was physically injured in the collision. A verdict was not demanded for at least nominal damages as contended by the appellant.

*Judgment affirmed. Hall, P. J. and Deen, J., concur.*
SUBMITTED SEPTEMBER 15, 1970—DECIDED SEPTEMBER 30, 1970.

*J. W. McDonald, Gibson, McGee & Blount, J. Baker McGee, Jr.,* for appellants.

*Bennett, Pedrick & Bennett, John W. Bennett, Oliver, Maner & Gray, Thomas S. Gray, Jr.,* for appellees.