## 48568. BROWN TRANSPORT COMPANY v. PARKER.

EBERHARDT, Presiding Judge. F. E. Parker, Jr., a truck driver for Brown Transport Company, and a fellow driver, Marvin Bryant, were assigned a trip from Atlanta to Milwaukee and back by way of Baton Rouge. On the way to Chattanooga the truck was "not running right" and Bryant indicated an intention to return from that point, but was prevailed upon to continue, with Bryant doing most of the driving. On the return trip, after a stop of several hours of "messing around" in Memphis, and at a point some 15 miles out of Memphis an argument arose between the men about a proper division of the driving. The truck was pulled off on the side of the road and the men got out to fight. There is some testimony by Bryant that the fight was started by a blow from Parker before they got out. Parker says that they got out in front of the truck where he struck Bryant three or four times and that Bryant tried to hit him but did not. They got back in the truck cab and started "wrestling." Parker reached over and put on the air brakes. He testified that Bryant pulled a knife and threatened him with it before they got back into the cab, but Bryant asserted that he had no knife. They apparently got out of the truck again, and Parker went to the rear. Bryant saw that the truck was beginning to roll backward on the low incline at some two to five miles per hour toward Parker and called to him to look out for the truck. Parker testified that he then went along the side of the trailer and truck to the cab where he tried to catch hold of the "grab iron" and get inside to stop it, but that he was thrown across two lanes of the road to the ditch and the impact with the ground resulted in a dislocation of his right elbow. Bryant testified that he saw no such event, and that if Parker got any injury on that occasion he knew nothing of it, and heard nothing of his claim of it until some time after he got back

to Atlanta.

Parker testified that Bryant got into the truck and drove away, leaving him on the highway. However, two other trucks had come up and stopped to see what the trouble might be and one of them took Parker on back to a gasoline station at the edge of Memphis, where a policeman assisted in getting a taxi for him and he went to a hospital where he was afforded attention by a doctor in the emergency room. His arm was placed in a cast, which he later removed in Atlanta, and then went to a doctor who put another cast on the arm and asked Parker to return after a week—which he did not do. Some time later he saw another doctor, who testified that Parker had a residual disability of about 5 percent.

The single director made findings of fact and an award of no compensation, which was adopted by the full board, and claimant appealed to the superior court, which remanded to the board for a clarification of the findings, since the court was "unable to determine from the findings of fact . . . just what was the factual basis of the determination below." The employer appeals from the remand, urging that the findings are sufficient and that there is ample evidence to support them. *Held:*

1. The order of the superior court remanding the matter to the board for further findings of fact had the effect of setting aside the award, and there was no retaining of jurisdiction by the court. *General Motors Corp. v. Martin,* 119 Ga. App. 279 (167 SE2d 211).

2. The findings of fact upon which the award of no compensation was made were: "I find as a matter of fact claimant's injury did not arise out of or in the course of his employment. That from the evidence it appears claimant was the aggressor in the altercation which ensued. He was the only one who struck a blow, and, although there were witnesses who were present at the scene and a police officer who talked with claimant, he made no attempt to secure their testimony."

The finding in the first sentence, if supported, was ample upon which the award might have been made. As is observed by the court in its order of remand, this finding might very well have rested upon the lack of credibility in claimant's evidence, or in the conflicts therein. Upon the same basis it might have been concluded that the claimant had failed to make out his case as the law requires that he do. *Wood v. Aetna Cas. & Surety Co.,* 115 Ga. App. 284 (157 SE2d 60). It should be clarified as to

whether the finding is intended to rest upon evidence which affirmatively shows that the injury did not arise out of or in the course of employment, and if so, what evidence, or that there was a failure of the claimant to show that it did so arise.

The second sentence in the findings is supported by the evidence relative to the altercation between the claimant and his fellow employee, but it is very doubtful that the evidence shows that the injury to claimant's arm, if any, on this occasion was sustained in the fight. There is no testimony from either Parker or Bryant to that effect. It should be made clear as to whether the award is grounded on this finding.

The only evidence before the board indicating that claimant sustained the claimed injury at the time or place of this occasion was the testimony of the claimant himself, which the board was authorized to have disbelieved from its lack of credibility. The fellow employee also testified, but he asserted that he did not see claimant receive the injury, knew of none, and indeed heard of no claim thereof until after he was back in Atlanta. However, nothing in the findings of fact indicates that the board concluded that if the claimant received an injury it was not at the time or place described in his testimony.

The last sentence of the findings, referring to possible witnesses whom claimant might have produced but did not, is in the nature of a statement in support of application of the principle of Code § 38-119. If the board intends its award to be based upon a failure of the claimant to prove his case (see *Wood v. Aetna Cas. & Surety Co.,* 116 Ga. App. 284, supra), the finding that there were witnesses whom claimant might have produced but did not is appropriate in that connection, to be considered along with other findings.

While the claimant's own testimony indicates that he received his injury from an effort to stop the truck as it was rolling backward on the highway, and thus to protect his employer's property, and a finding could have been made that his injury was thus compensable, it is obvious that the board did not so find or intend so to find, nor was it required to do so.

"The findings of fact were not that he did not suffer any accident or injury, but that he failed to carry the burden of proving he suffered a *compensable* injury. The testimony of an unimpeached witness must be considered and cannot be arbitrarily disregarded, but this does not mean that the triors of fact are obliged to believe testimony which in fact they discredit. *Haverty*

*Furniture Co. v. Calhoun,* 15 Ga. App 620 (84 SE 138). Nor do they have to believe the party at interest, but they are the sole judges of credibility, particularly when there are facts and circumstances inconsistent with the party's testimony. Code §§ 38-107, 38-1603; *Young v. Reese,* 119 Ga. App. 179 (2) (166 SE2d 420), and cases cited. See also *Bell v. Proctor,* 212 Ga. 325, 327 (92 SE2d 514). The above cases, while applying to jury trials, would likewise control the deputy director, the full board, and the lower court in the consideration of the evidence in this proceeding." *Roper v. General Motors Corp.,*121 Ga. App. 163 (3) (173 SE2d 240).

These principles may be applied on the remand and in connection with the clarifying of the findings of fact.

We agree with the superior court that the findings, as made, are somewhat unclear and that a clarification of them can and should be made.

*Judgment affirmed. Stolz, J., concurs. Pannell, J., concurs specially.*
ARGUED SEPTEMBER 6, 1973 — DECIDED SEPTEMBER 26, 1973.

*Hopkins & Gresham, H. Lowell Hopkins,* for appellant.
*Long & Siefferman, Floyd E. Siefferman, Jr.,* for appellee.

PANNELL, Judge, concurring specially. I agree that the Judge of the Superior Court was correct in remanding the case to the Board of Workmen's Compensation because of insufficient findings of fact to authorize the award made; but the majority are in error in stating that the first sentence in the "findings of fact" was a finding of fact sufficient to support the denial of compensation. The first sentence referred to above is as follows: "I find as a matter of fact claimant's injury did not arise out of and in the course of his employment." This amounts to nothing more than a legal conclusion. Code § 114-707 (Sec. 57 of the Workmen's Compensation Act) requires findings of fact—"and it is not enough to state merely in the language of the statute that the injury is or is not found to have arisen out of and in the course of employment. *Southeastern Express Co. v. Edmondson,* 30 Ga. App. 697 (119 SE 39), explained in *American Mutual Liability Co. v. Hardy,* 36 Ga. App. 487 (137 SE 13). In other words, it is contemplated by sec. 57 of the Act that the commission shall adjudicate and file a statement of the facts supporting the legal conclusions arrived at." *Metropolitan Cas. Insurance Company of New York v. Dallas,* 39 Ga. App. 38, 40 (146 SE 37).

The findings of fact immediately succeeding this legal conclusion are totally insufficient to support that conclusion. For these reasons, I concur in the judgment affirming the action of the Judge of the Superior Court in remanding the case to the Board of Workmen's Compensation for additional findings of fact.