## 50454. COLEMAN v. ARGONAUT INSURANCE COMPANY et al.

CLARK, Judge.

This is an appeal by a workmen's compensation claimant from an adverse decision of the superior court affirming the award of the Workmen's Compensation Board. The question presented for our determination is whether claimant carried the burden of proving she suffered a compensable injury to her lower back. In answering this inquiry, we must remember that a reviewing court cannot reweigh the evidence and substitute its own inferences and deductions for those of the fact finder merely because it deems its own conclusions more reasonable. *Kamor v. Firemen's Fund Ins. Co.,* 133 Ga. App. 234 (211 SE2d 179).

Did the claimant's back injury arise in and out of the course of her employment? Claimant testified that while fulfilling the duties of her job she slipped and fell, injuring her ankle and her back; that she immediately informed her supervisor of her ankle and back injuries; and that she told one of the employer's managers that she had injured her back. She further testified that her ankle injury was treated at Coweta General Hospital on the day following her fall; that about one week later her ankle was re-examined at a clinic and she there complained that her back had been troubling her; that she was subsequently hospitalized for five days because of her back injury; and that she has been unable to work because of that injury.

The supervisor testified that while claimant immediately informed him of the injury to her ankle, she did not tell him that she injured her back. Likewise, the manager denied that claimant advised him of her back injury. And the doctor who treated claimant's ankle injury on the day after her fall testified that claimant made no complaint concerning her back at that time. Additionally, it was demonstrated that claimant was pregnant and was suffering from hemorrhoids when she entered the hospital; and that pregnancy and hemorrhoids can cause low back pain.

We cannot say the fact finder's conclusion that claimant did not suffer a compensable injury was illogically deduced from the foregoing evidence. "Not only may an issue of fact arise from contradictory evidence, but 'implications inconsistent with the testimony may arise from the proved facts; and in still other ways the question of what is the truth may remain an issue of fact despite uncontradicted evidence in regard thereto.' *Cooper v. Lumbermen's Mutual Casualty Co.*, 179 Ga. 256, 261 (175 SE 577). In order to render any finding of fact demanded as a matter of law, not only must there be no controversy in the evidence material to the issue involved, but the implications and inferences which logically and properly arise from the evidence must necessarily lead to only the one conclusion. The superior and appellate courts alike are bound by a finding of fact made by the Department of Industrial Relations, where it is thus authorized under the proved facts or logical and proper inferences

therefrom, and where the finding is not manifestly based upon some legally erroneous theory, inference, or conclusion which clearly controlled an intermediate vital inference or conclusion, or the final conclusion." *Employers Liab. Assur. Corp. v. Woodward,* 53 Ga. App. 778, 779 (3) (187 SE 142).

Since there is some evidence to authorize the inference and finding that claimant did not injure her back while fulfilling the duties of her employment, the conclusion of the deputy director and full board that claimant's injury did not arise in the course of her employment was properly upheld by the superior court. *Employers Liab. Assur. Corp. v. Woodward,* 53 Ga. App. 778, 779 (4), supra. See also *Roper v. General Motors Corp.,* 121 Ga. App. 163, 164 (1) (173 SE2d 240), wherein this court ruled the board was authorized to find claimant did not suffer a compensable injury in view of the employer's evidence that claimant "did not want a job change, had threatened that they [employer] would have to send him to a doctor and send him home if he got hurt, *did not promptly report the alleged injury and accident or make an issue of it,* being well aware of the medical facilities available to him." (Emphasis supplied.)

We add that inasmuch as claimant's testimony was contradicted in material parts by the employer's witnesses, the deputy director, as the sole judge of credibility, was entitled to disregard claimant's testimony entirely. *Roper v. General Motors Corp.,* 121 Ga. App. 163, 164 (3), supra. Compare *Hardware Mut. Cas. Co. v. Mullis,* 75 Ga. App. 233, 235 (2) (43 SE2d 122). And as claimant's testimony was the only evidence that claimant suffered a compensable injury, we would be hard pressed to disturb the deputy director's conclusion.

Relying upon Rule 20 of the Rules and Regulations of the Board,[1] claimant contends the board improperly

---

[1]Rule 20 reads, in part, "The record in any case pending before a single member of the Board or any Deputy Director appointed by the Board shall not remain open longer than 30 days after the date of the hearing. Except that in extreme and unforeseen circumstances, the full Board may in its discretion extend such period."

granted the employer and carrier an extension of time within which to file medical depositions. This contention is without merit. The record does not demonstrate that the board acted other than reasonably and properly. See generally Code § 38-114; *Georgia Cas. Co. v. McRitchie,* 45 Ga. App. 697, 698 (3) (166 SE 49). Moreover, the record shows claimant's attorney extensively cross examined defendants' medical experts at the taking of the depositions. We are unable to see, therefore, how claimant was prejudiced by the mere grant of the extension.

*Judgment affirmed. Pannell, P. J., and Quillian, J., concur.*

ARGUED APRIL 8, 1975 — DECIDED
JUNE 18, 1975.

*Robert T. Efurd, Jr., W. C. Dominy,* for appellant.
*Savell, Williams, Cox & Angel, Lawson A. Cox, II, William S. Goodman,* for appellees.