## 55890. CLAYTON v. LONG.

McMurray, Judge.

This case involves the collision of an automobile and a motorcycle. The driver of the motorcycle, Marshall Long, sued the driver of the automobile, defendant Gerald Clayton; the owner of the automobile, Mrs. Betty Clayton; and her husband, J. C. Clayton, under the family purpose car doctrine. He sought the sum of $50,000 in damages. J. C. Clayton was dismissed as a party to the action when it was determined that only his wife was the owner of the automobile. The jury returned a verdict for plaintiff against Gerald Clayton and Mrs. Betty Clayton in the amount of $10,000, and the judgment followed the verdict.

Both defendants moved for new trial. Motion was denied and both appeal. However, defendant Gerald Clayton has withdrawn his appeal, and the appeal is now proceeding with only Mrs. Betty Clayton as an appellant. *Held:*

1. The uncontroverted testimony of the defendants is that Mrs. Betty Clayton was the aunt of defendant Gerald Clayton, his legal guardian, and he was a minor at the time of the collision, living in the home with Mrs. Betty Clayton and her husband. He was treated like a son, and she took care of him in all respects, including feeding and clothing him, and she was the owner of the automobile involved in the collision which he was driving, which she provided for family business including driving to and from the store, "washermat," and other places. There was also other testimony by Gerald Clayton that he drove the car usually with her permission; that she (Mrs. Betty Clayton) had not given him permission to drive it on the occasion when he had the collision; and that he "just drove it off," although he had never done this before, "unless my sister was with me or, you know, taking her

somewhere or something like that." To the question, "Did you ever talk with her [his aunt] about the conditions under which you could use the vehicle. . .?" He answered, "No." He further stated, "I might've drove it once or twice by myself, but I don't recall. . ."

The first enumeration contends that the evidence was not sufficient to authorize or sustain a verdict against the defendant Mrs. Betty Clayton. The evidence here was ample to show the nephew was a member of the family. Further, "[a] married woman owning an automobile as her separate property, which she allows members of the family to use for family purposes, may be liable for the negligent driving of such automobile by her minor son, [the nephew was to all intents and purposes treated as her son] under the 'family-purpose doctrine,' even though she is not the head of the family." *Ficklen v. Heichelheim,* 49 Ga. App. 777 (2) (176 SE 540). See also *Griffin v. Russell,* 144 Ga. 275 (87 SE 10).

Under the authority of Code § 105-108 and the facts shown here it cannot be said as a matter of law that the jury was unauthorized to find for the plaintiff that the automobile in question here was being operated under the family purpose car doctrine. *Young v. Reese,* 119 Ga. App. 179, 181 (3) (166 SE2d 420). See also *Danner v. Freeman,* 121 Ga. App. 393 (1) (174 SE2d 194). While the defendant aunt puts much weight upon her testimony that she did not give her nephew permission to use the automobile in question here on the occasion in which it was involved in the collision, nevertheless the evidence is sufficient to establish that this was a family purpose car, and the evidence was sufficient to authorize the jury to determine that he had implied permission to use it on the occasion since there was evidence that he had driven it in the past without express permission. See *Hubert v. Harpe,* 181 Ga. 168 (182 SE 167); *Evans v. Caldwell,* 52 Ga. App. 475 (2) (3), 477, 483 (184 SE 440). The evidence here did not show that the defendant nephew was expressly denied permission to use the automobile except on certain occasions and even so if he merely disobeyed his aunt the automobile in question was still used with her implied authority as a family purpose car in this instance. *Evans v. Caldwell,* 52 Ga. App. 475, 483, supra.

2. The remaining enumeration of error complains of the charge of the court with reference to the family purpose car doctrine and enumerates the charge covering some four pages of the court's instruction with reference to the family purpose car doctrine. When given a suitable opportunity to make exceptions to the charge the defendant did except to this portion of the charge, as follows: The court in effect charged that the defendant "Betty Clayton was liable if Gerald Clayton was liable," hence this was a comment upon the evidence and is likewise an incorrect statement of the law. Further, the court did charge in effect that "if the vehicle was left or kept or if it was in a place where defendant Gerald Clayton could use it that is he could get it and use it" defendant Betty Clayton was as a matter of law liable for the use thereof by him. Defendant's counsel also objected to the charge as to the family purpose car doctrine because it was his contention that the evidence failed to establish that she was the head of the family and that the evidence failed to establish that she expressly or impliedly permitted or consented to his general use. Both of these latter exceptions have been dealt with in Division 1 above.

As to the above exceptions defendant's argument is to the effect that the trial court instructed the jury that defendant Betty Clayton was liable if the defendant Gerald Clayton was negligent because she was the owner of the automobile. The court did charge that under the family car doctrine it renders a parent or guardian who keeps an automobile for the comfort and pleasure of his family liable for the negligence of any member of the family driving the vehicle with his consent, either express or implied, as the agent of the owner. But the jury must first determine his negligence before applying the family car doctrine. The court further charged that this doctrine imposes liability on the head of the family who supplies the automobile notwithstanding the fact that it is being used at the time of the injury by the member of the family exclusively for his own individual use or pleasure. The court also charged that if the automobile is there and no positive steps have been taken to prohibit the use of the automobile then the owner is liable even though on one

occasion the child has been instructed that he cannot use the automobile. See *Phillips v. Dixon,* 236 Ga. 271, 277 (223 SE2d 678).

It is quite apparent that the trial court has tried to place the family car doctrine in simplistic language. The evidence was ample to establish without doubt that this was a family purpose automobile. Thus the court did not err in charging: "If he is liable then she is also liable under the evidence in this case, she having furnished the automobile to him."

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

SUBMITTED JUNE 7, 1978 — DECIDED SEPTEMBER 21, 1978 — REHEARING DENIED OCTOBER 23, 1978.

*Ben Lancaster,* for appellant.
*Robert Benham,* for appellee.