## 57905. NASHVILLE MILLS et al. v. GRAHAM.

UNDERWOOD, Judge.

Graham, claimant-appellee, in this proceeding was found by the Workers' Compensation Board to have sustained a job-related back injury which resulted in a continuing partial disability and was awarded certain benefits when he returned to work on a less physically

demanding job which the board found would pay less than he previously earned. The employer-appellant contends on appeal that the board ignored certain relevant documented data in the record. We affirm.

The claimant's pre-injury average weekly wage was stipulated to be $191.31. The appellant's concern is that the board stated in its findings that the record does not show how many hours claimant worked per week and, therefore, a forty-hour work week was presumed which, at the stated rate of $3 per hour, would provide claimant with post-injury weekly earnings of $120. Appellant insists the board ignored a wage transcript submitted by Graham which showed his actual hours worked and weekly earnings for several weeks following his commencing work on his new job. We are not able to agree with appellant that the board's order shows a lack of awareness of the essential facts concerning the claimant's new job which were covered in the wage transcript. The exhibit in question shows the claimant's post-injury earnings ranged from $102 per week to $214.50 per week with the average being $151.65.

The board's award provided: "Employer/self-insurer is authorized to adjust the amount of weekly benefits in accordance with any increase or decrease in claimant's earnings. Benefits are to be paid at the rate of two-thirds of the difference between claimant's post-injury and pre-injury earnings but not to exceed $70.00 per week."

The record establishes that claimant's post-injury work is seasonal which is consistent with the earnings variations reported in the subject exhibit. The board's authorizing the employer to adjust benefits with variations in claimant's post-injury earnings indicates that the board was aware of such variations which is the thrust of the evidence to which appellant has directed our attention. Legal precision and nicety are not to be insisted upon in the findings of fact of the Board of Workers' Compensation, and, after the award, that construction of the findings which would render the judgment valid should be adopted in preference to a construction which would render such judgment invalid, where such construction is reasonable and can fairly be applied. *Maryland Casualty Corp. v. Mitchell,* 83 Ga. App. 99 (3)

(62 SE2d 415) (1950). See also *Royal Indem. Co. v. Manley,* 115 Ga. App. 259 (154 SE2d 278) (1967). In view of the board's providing for variable benefit levels, it is reasonable to construe the findings as being based in part upon evidence of claimant's variable post-injury compensation which appellant contends the board ignored, and we will not disturb the award.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

ARGUED MAY 3, 1979 — DECIDED SEPTEMBER 4, 1979.

*Lawson A. Cox, II, John W. Wilcox,* for appellants.
*Jack W. Carter,* for appellee.